## HECKMAN *v.* MACKEY.

*(Circuit Court, S. D. New York. June 22, 1888.)*

MASTER AND SERVANT—NEGLIGENCE OF VICE-PRINCIPAL.

    Plaintiff, while in the employ of defendant, under directions of a foreman, put up a staging about 28 feet from the ground, firmly nailing the two planks which constituted the floor, so that he could go upon it in doing the work. During his absence, another workman, under directions of the foreman, removed one of the planks, placing another in its place, without nailing or fastening it. Plaintiff, not knowing that any change had been made, returned to his work on the staging, which let him fall to the ground, whereby he was injured. *Held*, that, not the failure of plaintiff's fellow-workman to nail the plank which replaced the nailed one, but the act of the foreman in misleading plaintiff into danger, was the cause of the injury, for which defendant was liable.[1]

At Law. On motion for new trial.

*Seth S. Terry*, for plaintiff.

*James Stikeman*, for defendant.

WHEELER, J. This is an action at law. The plaintiff's evidence tended to show that he was a carpenter, and that while at work, with others, for the defendant, under direction of a foreman, he put up a staging at the gable of a house which they were finishing, about 28 feet from the ground, and nailed the two planks which constituted the floor of the staging firmly to the brackets, so that he could go about it, and beyond the brackets, as would be necessary to do the work which he was engaged about, with safety; that, while he was absent from the staging, the foreman directed another workman to take one of those planks away to use elsewhere, which was done, and another put in its place, without being nailed or otherwise fastened, and without the knowledge of the plaintiff that any change had been made; that he returned to his work on the staging, and, relying upon the plank being fastened as he had left it, stepped out on it beyond the bracket, so that his weight tipped it down, and it let him fall to the ground, whereby he was seriously injured. The defendant's evidence tended to show that the foreman gave no directions for removing the plank. The defendant requested the court to charge the jury that, if he furnished sufficient materials to make a safe staging, he dis-

---

[1] As to the liability of a master for negligence of a vice-principal, see *Foster* v. *Pusey*, (Del.) 14 Atl. Rep. 545, and note; *Robertson* v. *Cornelson*, 34 Fed. Rep. 716.

charged his full duty to the plaintiff, and that the defendant was not responsible to the plaintiff for any act of his fellow-servant in removing the plank, and putting another there without nailing it. The court did not charge the jury as so requested, but did charge that the foreman represented the defendant about the matters which he placed in charge of the foreman; and that if the foreman directed the nailed plank to be taken away, without having the one that replaced it nailed, or notifying the plaintiff that the change had been made, the defendant would be responsible for the consequences to the same extent as if he had been there, and done the same himself; and that the important questions were whether the foreman did this, and whether he failed to exercise the care of a prudent man in doing it, and that failure led the plaintiff to step upon the plank, as he did, without failure to exercise due care on his own part. The jury returned a verdict for the plaintiff. The defendant now moves for a new trial on account of these rulings. The principal ground on which the motion is urged, is that what caused the plaintiff to fall was the failure to nail the plank which replaced the nailed one, and that this failure was that of a fellow-servant, for whose negligence the defendant would not be responsible. The other questions made are all involved in this, or are questions of fact wholly within the province of the jury.

The placing the plank on the brackets, without nailing it, would not constitute actionable negligence. *Armour* v. *Hahn*, 111 U. S. 313, 4 Sup. Ct. Rep. 433. That is not what the jury founded their verdict upon. The fellow-servant may have done that. What injured the plaintiff was the misleading of him into danger. The foreman, and not the fellow-servant, on the finding of the jury, did that; and he represented the defendant about that, for what he did was to direct by virtue of the defendant's authority. For such negligence or misconduct of the foreman, the defendant, as principal, appears to be liable. *Railway Co.* v. *Ross*, 112 U. S. 377, 5 Sup. Ct. Rep. 184. On the authority of that case, and the cases there cited, this motion must be overruled. Motion denied.