PRIESMEYER, Respondent, v. ST. LOUIS TRANSIT TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 17, 1903.**

1. **Street Railways: INJURY TO PEDESTRIAN: CONTRIBUTORY NEGLIGENCE.** Courts will not declare as a matter of law, that for a pedestrian to attempt to cross a street car track upon which a car was distant two hundred feet or more, and in plain view, where there is no evidence as to whether she looked or listened for cars, was such contributory negligence as to bar recovery for injuries sustained thereby.

2. ——: ——: **CONTRIBUTORY NEGLIGENCE AN AFFIRMATIVE DEFENSE.** In the absence of proof that plaintiff failed to look and listen for a car, the presumption is that she was exercising at the time care and diligence, and it devolved on defendant to establish the affirmative defense of contributory negligence, if any.

Appeal from St. Louis Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*George W. Easley* with *Boyle, Priest & Lehmann* for appellant.

(1)  The defendant's instructions to find for defendant, offered at the close of the plaintiff's case and of all the evidence in the case, should have been given. Boyd v. Railroad, 105 Mo. 317, 16 S. W. 909; Watson v. Railroad, 133 Mo. 250, 34 S. W. 573; Kelly v. Railroad, 75 Mo. 241; Kries v. Railroad, 148 Mo. 321, 49 S. W. 877; Holwerson v. Railroad, 157 Mo. 216, 57 S. W. 770, 50 L. R. A. 850; Hook v. Railroad, 162 Mo. 569, 63 S. W. 360; Tanner v. Railroad, 161 Mo. 497, 61 S. W. 826; Van Bach v. Railroad, 71 S. W. 358; Guyser v. Railroad, 73 S. W. 584; Moore v. Railroad, 75 S. W.

676; Moss v. Phila. Traction Co. (S. C. Pa.), 1 Am. Neg. Rep. 520. (2) There was no evidence whatever that the motorman saw, or could have seen, the plaintiff on the track in time to have stopped the car and avoided striking her. Zurfluh v. Railway, 46 Mo. App. 636; Murray v. St. Louis Transit Co., 75 S. W. 611; Zimmerman v. Railroad, 71 Mo. 476; 7 Am. and Eng. Ency. Law (2d Ed.), pp. 385, 386; Cooley on Torts (2 Ed.), 812; Murphy v. Railway, 153 Mo. 261, 54 S. W. 442; Hornstein v. St. Louis Transit Co., 70 S. W. 1105; Frazier v. Railroad Co., 81 Ala. 185; 60 Am. Rep. 149; Bailey, Master's Liability, 446; Murphy v. Railway, 163 Mo. 262; Payne v. Railroad, 129 Mo. 419.

*Thomas B. Harvey* for respondent.

(1) Contributory negligence of plaintiff is a special and affirmative defense set up by the defendant in its answer, and that the burden of proving that defense is upon it and not upon the plaintiff. Thorpe v. Railroad, 89 Mo. 650; Mitchell v. City of Clinton, 99 Mo. 153; Crumpley v. Railroad, 111 Mo. 152; Hall v. St. Joe Water Co., 48 Mo. App. 356; Churchman v. Kansas City, 49 Mo. App. 366. (2) In the absence of any evidence, the law will presume that the person injured was in the exercise of ordinary care and looked or listened for approaching cars before going upon the track. Buesching v. St. Louis Gas Light Co., 73 Mo. 219; Flynn v. Railroad, 78 Mo. 195; Weller v. Railroad, 164 Mo. 180; Holding v. St. Joseph, 92 Mo. App. 143.

### STATEMENT.

In action for damages for personal injuries, plaintiff's cause of action was substantially set forth as follows: that on the thirteenth day of April, 1902, as she was crossing the street and car tracks of defendant, the Transit Company, at intersection of Eleventh and Hebert streets, defendant by negligently running one of its

cars at a high and dangerous rate of speed and by negligently failing to ring a bell, sound a gong, or give other warning to plaintiff of the approach of its said car, and by negligently failing to keep a vigilant watch for persons upon or crossing the streets, and the car tracks of defendant and by negligently failing to keep a vigilant watch for persons upon or crossing the streets, and the street car tracks and by negligently failing to stop its said car after defendant and its servants saw, or by exercise of ordinary care could have seen, the dangerous position of plaintiff on the street near or on its tracks, did negligently cause said car to run over plaintiff and the hurts inflicted were detailed, damages specified and judgment therefor prayed.

The answer embodied a general denial and plea of contributory negligence, in that plaintiff went and was in front of a moving car at a time and place where she knew, or by the exercise of reasonable care should have known of the approach of the car and avoided collision therewith.

Plaintiff, an aged woman, about seventy-one years old on the day of the occurrence, in her testimony evidenced great mental weakness. She stated that she had always been healthy and strong prior to the injury and was walking down Eleventh street to Hebert street on the afternoon of the day involved, which was Sunday, to visit her sister; that she heard no bell or car, nor did she see the latter, and was struck by the car on Hebert street while crossing going south, and rendered unconscious.

Henry Nagel and Edward S. Fiedler, teamsters, were standing at the southwest corner of Eleventh and Hebert streets and witnessed the casualty. The first named testified that they had been at the corner about five minutes, and saw Mrs. Priesmeyer as she stepped off the curb at northeast corner of Eleventh and Hebert streets, passing from north to south side of Hebert street on east side of Eleventh street, and she fell as she

hit the rail and the car was then coming round the curve two hundred and fifty or three hundred feet away, going north on Tenth street, making the bend for Hebert street, and running at from twenty-five to thirty miles per hour; that the time was near half past six, the day bright and still light, no lights being lit even in the saloon from which they had just emerged; that the motorman made no effort to check or stop the car until he struck the lady; that witness saw the car at the bend or curve from which there was a clear unobstructed view for three blocks from the curve, the corner of Tenth and Hebert streets being vacant except for a signboard extending at an angle across; that he took occasion to go to the point mentioned where he saw the car, to see whether he could observe clearly the corner where the lady was and found he could; that the curve was long and not abrupt and Tenth and Hebert streets came together there.

On cross-examination, he stated he was sixty feet from the lady, and she was prostrate scarcely a second when she tried to rise, and the car hit her as she was on her hands and knees attempting to get up, that he remarked to his companion upon the speed of the car. On re-direct examination, he stated all of the curve was visible from where the lady was, and at the request of plaintiff's counsel he had measured the distance and found it was two hundred feet to the curve; that the car was on the curve two hundred feet away when she fell.

Fiedler testified the car ran north on Tenth street to Hebert street, the latter extending in a northwestern direction as the prolongation of Tenth, and the remainder of his testimony was strongly corroborative and confirmatory of the narrative of the accident by Nagle.

Two passengers in the car deposed as to its speed of twenty-five to thirty miles per hour, that it was light and there was a clear view from the beginning of the curve to Eleventh street.

REYBURN, J. (after stating the facts as above).—
1.   It is contended that the imperative instruction asked
at the close of plaintiff's case and repeated at the close
of the whole case should have been given, upon the the-
ory that plaintiff introduced no proof that she looked or
listened for a car while approaching or going upon the
track.   The testimony of the eyewitnesses established
that the car was two hundred feet or more away, when
the plaintiff stepped on the track, and the court was thus
urged to declare as a matter of law that for a pedestrian
to attempt to cross a street car track upon which a car
was distant two hundred feet or more, without looking
or listening for the distant car, was such contributory
negligence as to bar her recovery.   There is an absence
of any proof that she did not look or listen, and it de-
volved on defendant to establish the affirmative defense
of contributory negligence, if any there was.   Crumpley
v. Railroad, 111 Mo. 152.   And in absence of such proof
to the contrary, the presumption is that she was exercis-
ing at the time care and diligence.   Crumpley v. Rail-
road, supra; Waller v. Railway, 120 Mo. 635; s. c., 164
Mo. 180.

This case bears no resemblance to the Moore case
relied on by appellant.   Moore v. Railway, 75 S. W.
672.   Plaintiff neither attempted to cross the track im-
mediately in front of, nor in such close proximity to a
moving car, as to be struck thereby before she could
cross.   A pedestrian is certainly justified without impu-
tation of negligence, in passing over a street car track
in the city of St. Louis, two hundred feet ahead of a
car approaching at the rate of eight miles, or even more,
per hour, in plain view of the operator of the car.
Shafstette v. Railroad, 74 S. W. 826.

The testimony of plaintiff's witnesses, which must
be taken as true in considering the instruction by way
of demurrer, tends to prove that no effort was made to
control or lessen the speed of the car until it was upon
plaintiff, and that the place where she fell was in plain

view for two hundred feet and more in the direction from which the car was arriving. The distance dividing plaintiff and the car, when she stepped on defendant's track, was sufficient to justify the conclusion that the car could have been stopped by the proper effort before reaching the spot where plaintiff had fallen. The imperative instructions were, therefore, properly refused, and the court also properly submitted for the determination of the jury the issue whether defendant's servant, its motorman, saw plaintiff's peril in time to have avoided the injury by the exercise of ordinary care or by the exercise of ordinary care in watching and looking out in front of him, he could have discovered plaintiff's peril in time to have avoided injuring her by exercise of ordinary care in stopping or checking his car.

2. Appellant next complains that the court erred in submitting to the jury, the question of whether the plaintiff was guilty of contributory negligence, assigning that as the plaintiff did not look or listen for the approaching car and no obstacle prevented her seeing it, there was no question of fact for the jury. It devolved on defendant, as already stated to establish by proper proof its plea of contributory negligence, and there was no evidence introduced to show that plaintiff failed to look or listen for a car, and the presumption, therefore, obtains that plaintiff did what common prudence and ordinary care demanded of her. The instructions to the jury, read together, fairly and clearly submitted to the consideration of the jury all the issues embraced in the case, and if defendant had desired more specific definition of what constituted reasonable care than contained in the charge, it was its right to ask therefor—"mere non-direction is not error." Feary v. O'Niel, 149 Mo. 467.

Upon the record before us the case was fairly tried, and in view of the injury to plaintiff, the amount of the verdict conservative, and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.