## MARION C. KOHR, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 5, 1906.

1. **STREET RAILWAYS: Conductor's Duties: Judicial Notice: Presumption.** Courts take judicial notice that the movements of street cars are directed by the conductor; and when the signal for starting is given the presumption is that the conductor gave it, and such presumption is conclusive until overthrown by evidence to the contrary.

2. ———: ———: **Negligence: Starting Car.** Under the evidence, held that the conductor should have seen the plaintiff, and to start the car while plaintiff was getting on was negligence though the conductor failed to see it.

3. ———: **Signals: Evidence: Conclusions: Fact.** The fact that the statement of a witness is a conclusion does not make it less a statement of fact where it is impossible to state the fact in another way, as for instance, whether a sound was that of a bell or a gong.

4. ———: Pleading: Issues: Instructions. Instructions should submit the issues to the jury and not permit a recovery on any unspecified theory of negligence.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

(1) The peremptory instructions ought to have been given. There is no evidence that the conductor carelessly and negligently gave the signal to start the car while the plaintiff was in the act of getting thereon, nor that the conductor knew or ought to have known the position of danger of the plaintiff. On the contrary, the evidence is conclusive that the signal given by the conductor was to stop the car while the plaintiff was attempting to get thereon. Cogan v. Railway, 101 Mo. App. l. c. 190; Weaver v. Railway, 60 Mo. App. l. c. 212; Stokes v. Burns, 132 Mo. l. c. 223; Smith v. Railroad, 113 Mo. 70; Hite v. Railway, 130 Mo. 141. (2) The court erred in receiving incompetent evidence, over the objections of defendant, viz., the evidence of one Huber, as to incompetent matter and opinion, and the deposition of the plaintiff. Nulson v. Priesmeyer, 30 Mo. App. l. c. 130; Wetherel v. Patterson, 31 Mo. l. c. 459; Hartt v. McNeal, 47 Mo. l. c. 527; Rumsey v. Railway, 154 Mo. 216; Railroad v. Stock Yards, 120 Mo. 541; Ihl v. Bank, 26 Mo. App. l. c. 143; Howard v. Shoe Co., 82 Mo. App. l. c. 406. (3) The court erred in giving instructions asked by the plaintiff. They are erroneous and misleading, ignoring the issues tendered and leaving the jury to roam at will in the determination of both law and fact. Butcher v. Death, 15 Mo. 271; Gessly v. Railway, 26 Mo. App. 156; Fleischman v. Miller, 38 Mo. App. 177; Allen v. Transit Co., 183 Mo. l. c. 432; Boyd v. Transit Co., 108 Mo. l. c. 306.

*Boyle, Guthrie & Smith* for respondent.

(1) The gravamen of the charge in plaintiff's petition is that the car was negligently started while she was in the act of getting upon it; and the giving of a signal is merely an incidental allegation that might be eliminated without changing the cause of action. Nelson v. Railway, 113 Mo. App. 702, 88 S. W. 1119, 1120, 1121. But that is not a point to quibble over in this case, for the evidence supported plaintiff's petition to the very letter. (2) Objections to evidence admitted. (3) Instructions given on behalf of plaintiff. Nolan v. Johns, 126 Mo. 159, 166; Drury v. White, 10 Mo. 354; Tetherow v. Railroad, 98 Mo. 74, 86; Chicago, etc., Co. v. Randolph, etc., Co., 103 Mo. 451, 468; Coleman v. Drane, 116 Mo. 387, 394; Warder v. Henry, 117 Mo. 530, 545; Edelman v. Transfer Co., 3 Mo. App. 503, 506; Midland, etc., Co. v. Clary, 77 Mo. App. 298, 302.

BROADDUS, P. J.—The plaintiff's suit is for damages alleged to have been sustained as the result of the negligence of the defendant.

The gist of the petition is that, while the plaintiff was in the act of boarding one of the defendant's cars as a passenger at Twelfth and Main streets, Kansas City, Missouri, the defendant's conductor gave the signal for starting and the car suddenly started forward and threw her to the ground injuring her. "That the plaintiff's position at the time the conductor gave such signal at the time said car was started was such that the said conductor knew, or by the exercise of reasonable care could have known, the position and danger of plaintiff, and that the probable result of the giving of said signal and the sudden starting of said car would be to the injury of the plaintiff." The trial resulted in a judgment for the plaintiff, and the defendant appealed.

The defendant's principal contention is that the court erred in not directing a verdict for it as asked

upon the close of the evidence. It was shown that the car plaintiff attempted to board was a cable car being operated on Twelfth street. The car was going west and had crossed Main street, and stopped at the usual place for taking on and discharging passengers. The plaintiff and a man by the name of Huber, her escort, were together at the place mentioned to take passage on the car. The plaintiff in her testimony on her examination in chief testified that, when she had placed one of her feet on the step of the car and as she raised the other to get on, the conductor gave the signal for starting, and the car suddenly started forward, and that she held to the railing for some distance when she was thrown to the ground. Upon cross-examination, she stated: "I put my foot upon the car and grasped the handle as was my custom, and just as I placed my foot on the step and grasped the handle of the car, a signal was given and the car was jerked forward throwing me." And further stated that she did not know at what period the bell was rung, whether before or after she fell. Huber, her escort, testified that plaintiff put her foot on the step to get on the car, the bell rang, and the car started, and the result was she fell down, and that at the time she had hold of the handle of the car. He was asked these questions: "Mr. Huber, did you hear the bell of the car rung that evening?" He answered, "I did." "Where were you and Miss Kohr at the time the bell was rung?" Answer, "She was just in the act—just had her first foot on the step and was in the act of taking another step when the bell was rung." He did not see anyone ring the bell and did not know where the conductor was at the time, and did not know whether the bell that was rung was on the coach or grip car.

The conductor testified that he rang the bell, but that it was the emergency bell and was not rung until after plaintiff fell. He denies seeing plaintiff before the car started while she was attempting to take passage. De-

fendant's evidence tends to show that plaintiff attempt-
ed to get on the car while it was in motion, going at the
speed of about eight miles an hour. It is proper to state
that plaintiff's evidence on her cross-examination that
she did not know whether the bell was rung before or
after she fell was made after her attention had been
called to a former statement, and she affirmed that such
statement was correct. According to the testimony of
the plaintiff and her escort, the car was standing when
she attempted to board it, and according to Huber's evi-
dence, the bell was rung before the car was started, but
by whom he did not state. But he does state the usual
signal for starting was given.

The question raised is that there is no evidence that
the conductor gave the signal for starting; therefore the
specific allegation that the conductor was guilty of neg-
ligence in starting the car was not proven and plaintiff
failed to prove her case as alleged. It having been shown
that the usual signal for starting was given, the pre-
sumption of law is that it was given. The court takes
cognizance that the movements of street cars are di-
rected solely by the conductor. And when it is shown
that a signal for the starting of a car is given, the pre-
sumption is that it was given by the conductor, and the
presumption is conclusive until it is overthrown by evi-
dence to the contrary. It is true that the conductor and
other witnesses, who support him, testified that the sig-
nal given was not for the starting of the car, but that it
was an emergency signal and not given until after plain-
tiff fell to the ground.

And there was evidence going to show that the con-
ductor by the exercise of reasonable diligence might
have discovered plaintiff's situation while she was at-
tempting to get upon the car before he gave the signal
for it to start. Both plaintiff and her escort testified
that they were at the car while other persons were get-
ting on and that the plaintiff waited for the others to
get on, and that when she attempted to get on, the car

started. If he did not see her, he ought to have seen her, if the evidence of plaintiff is true, and we must assume he did for the purposes of the case. The defendant asked and the court gave instruction numbered 5, which concedes that its conductor had no right to start its car when some person was in the act of getting off or on. If the car was at a stand when plaintiff was in the act of getting on, it was negligence if the conductor failed to see her. The case does not, therefore, fall within the rule, as construed by defendant, as announced in Barton v. Railroad, 52 Mo. 253; Sharp v. Railroad, 161 Mo. 214; and Tanner v. Railroad, 161 Mo. 497.

Objections are made to the action of the court in admitting incompetent evidence. The witness Huber was asked, "Was that the gong (the gripman uses a gong) you heard or was it some bell you heard to start the car?" This was objected to as calling for a conclusion and then this question was propounded: "Are you familiar with the sound of the gong the gripman uses distinguished from the sound of the bell the conductor uses to give the signals for starting and stopping cars?" Answer, "Very definitely." He then stated that it was the bell to start the car he heard ring. It is true the statement of the witness is a conclusion, but it is a statement of fact notwithstanding. There can be no statement of any fact without it involves to some extent a conclusion. It would be impossible for a witness to state the fact in any other manner. The differences in sound are recognized by the organ of hearing, and if the witness knows when a bell and not a gong is sounded, he may state which. He would not be required to imitate the sound for the enlightenment of the jury. Other objections to the admission of evidence are even of less importance.

Objection is made to instruction numbered 1 given for plaintiff, because it wholly fails to limit the jury to the issues tendered by the pleadings, thereby leaving to the jury to determine for themselves what the issues

were.  The instruction reads: "The jury are instructed that if they find for the plaintiff, they will assess her damages  .  .  .  if any, received by her, as the direct result of the negligence, if any, of defendant, as defined by these instructions," etc.  There is no further reference in plaintiff's instructions to the issues in the case. The defendant was asked and was given nine instructions, in none of which the issue upon which plaintiff relied for recovery is stated, but several of them state that if the jury find certain facts, the plaintiff is not entitled to recover.  The case falls within the principle found in Allen v. St. Louis Transit Co., 183 Mo. 411, where the instruction was similar to the one under consideration and where the defendant set out a number of acts which, if found to be true, the plaintiff could not recover.  The court holds: "The instructions should submit to the jury the issues they are to try. They should not permit plaintiff to recover on any unspecified theory of negligence, whatsoever, which a carrier may commit against a passenger."  A similar ruling by this court is found in Hamilton v. Railroad, 114 Mo. App. 504.

For the error noted, the cause is reversed and remanded.  All concur.