JAMES WILSON, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 14, 1907.

1. **MASTER AND SERVANT: Safe Place of Work: Repairing: Carpenter's Risk.** The employee cannot be expected to be provided with a safe place when employed to work in an unsafe place, such as the repairing of structures which have grown unsafe.

2. ———: ———: **Master's Order: Proximate Cause.** In repairing a roundhouse certain sheeting had been taken off the roof, which on the upper side was not perceptible. The foreman gave the servant orders to go up the ladder to a scaffold, cautioning him of the slick ice on the scaffold and directing that

he cross on to the roof and proceed to the place where the work was to be done. In passing over the roof he stepped upon the place where the sheeting had been removed and fell through. *Held,* the foreman's order was the proximate cause of the injury and was negligent.

3. **TRIAL PRACTICE: Instruction: Non-Direction: Court's Duty: Statute.** At a trial based on negligence the plaintiff asked and was given a sole instruction which related alone to the measure of damages. *Held,* in civil cases the right to instructions is a privilege of which a party may not be deprived when he asks them in legal and proper form, and the "may" in the statute is permissive and not mandatory and mere non-direction is not error; and an instruction in general terms does not constitute reversible error since the party dissatisfied may ask one fuller and more definite. (Cases considered.)

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Cyrus Crane* and *George J. Mersereau* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. No negligence was proven on the part of defendant and the risks attending the condition at the time of the injury were assumed by the plaintiff. Armour v. Hahn, 111 U. S. 318; Bradley v. Railroad, 138 Mo. 302; Roberts v. Telephone Co., 166 Mo. 383; Henson v. Packing Co., 113 Mo. App. 618; Bridge Co. v. Seeds, 144 Fed. 613. (2) Plaintiff had no right to rely on the foreman's words of caution. Railroad v. Billingslea, 116 Fed. 335. (3) Plaintiff's own contributory negligence defeats a right of recovery. Porter v. Railroad, 71 Mo. 77; Devlin v. Railroad, 87 Mo. 550; Wray v. Power Co., 68 Mo. App. 388; Poindexter v. Paper Co., 84 Mo. App. 357; Roberts v. Telephone Co., 166 Mo. 384; Meily v. Railroad, 107 Mo. App. 470. (4) The court erred in submitting the case to the jury without any instruction on the plaintiff's behalf other than

the one on the measure of damages, and failing to instruct the jury what issues were to be tried or what would constitute negligence on defendant's part. Kohr v. Railroad, 92 S. W. 1145; Allen v. Transit Co., 183 Mo. 411; Hamilton v. Railroad, 89 S. W. 893; Boyd v. Transit Co., 108 Mo. App. 306; Fleishman v. Miller, 38 Mo. App. 177; Gessley v. Railroad, 26 Mo. App. 156; Ravenscraft v. Railroad, 27 Mo. App. 623; Johnson v. Railroad, 93 S. W. 866; Magrane v. Railroad, 183 Mo. 119; Casey v. Hoover, 89 S. W. 330.

*Boyle, Guthrie & Smith* for respondent.

Filed argument.

ELLISON, J.—The plaintiff was injured while engaged in the service of the defendant and brought this action for damages, in which he prevailed in the trial court.

It appears that defendant had several men, including the plaintiff, engaged in enlarging a roundhouse by extending it so as to make it of greater depth, that it might serve to accommodate engines of greater length than had been theretofore housed therein. The roof of the house was composed of rafters, sheeting planks an inch thick, sheeting paper laid over the planks and a coating of tar and gravel over them. In constructing the improvement, or arranging for it, it became necessary to remove two or more of the sheeting planks, from under the sheeting paper and gravel. The roof was thus left to appear, when viewed from the outside, to be safe for any one to walk over it. But it seems the removal of the planks could have been observed by one looking up from the inside. Plaintiff was not an expert carpenter. He had worked on bridges and might, perhaps, come under the designation of a "rough carpenter." He had only been engaged at the roundhouse a few minutes before he received his injury. There was scaffolding

running along the face of the building at height of per-haps, fifteen feet from the ground, reaching to within about two feet of the roof. There was a ladder reaching from the ground to the scaffold, and from the scaffold one could easily climb onto the roof. It was desired by defendant's foreman to have plaintiff do some work at a point down the roof or scaffold some little distance from the point where the ladder was. The walk or boardway on the scaffolding was covered with snow and ice, so that the foreman in ordering plaintiff to do the work then in hand, cautioned him as to the danger of the scaffold and directed him to get onto the roof and cross over to the point he wished to reach. Plaintiff went up the ladder, got onto the roof and while walking across, every-think looking secure from the outside, he stepped upon that part where the boards had been removed, broke through the tar paper and fell to the ground below onto some timbers and was injured. The ladder was so placed that in ascending it one had a view of the under side of the roof and could have seen, had he looked, that the boards had been removed. Plaintiff did not look, or at least did not observe that they had been taken out. The verdict being for plaintiff, we have taken the foregoing mainly from what the evidence in his behalf tended to show.

We agree with defendant's counsel as to the risk carpenters and other workmen assume in building or reconstructing houses. The very nature of the work sug-gests its danger, as well as the necessity for those en-gaged therein to assume the risk incident thereto. We recognize the force and reason in the suggestions made at the argument that employees cannot expect to be pro-vided with a safe place when employed to work in an unsafe place, such as, for instance, the repair of struc-tures which have grown unsafe. [Roberts v. Telephone Co., 166 Mo. 370; Henson v. Packing Co., 113 Mo. App. 618; Armour v. Hahn, 111 U. S. 318.]

But in this case we have the act of the foreman which we think takes the case from under that rule. The foreman gave plaintiff directions about how to reach his work. In doing that he necessarily acted upon duties which he owed the defendant and if his action was negligent the defendant must be liable. He acted for defendant in directing the particular work to be done. He acted for defendant in cautioning plaintiff to avoid the dangerous scaffolding. While it may not have been necessary for him to have warned plaintiff of the snow and ice on the scaffolding since there was no way to avoid seeing it, yet it was not beyond the foreman's duty to warn him of the danger in attempting to pass over the boards thus covered with snow and ice. Having warned him of the danger of the usual or natural way of reaching the place where the work was to be done, it was proper (though not imperative) to direct him some other way to reach the point; and it was negligence in him to direct a way which was unsafe and which from the nature of the place, would not be noticed by one unaware of its insecurity. The negligent direction to plaintiff to pass over the roof in its condition was the cause of the injury. [Bane v. Irwin, 172 Mo. 306, 316, 317.] The following is the syllabus in Heckman v. Mackey, 35 Fed. 353:

"Plaintiff while in the employ of defendant, under direction of a foreman, put up a staging about twenty-eight feet from the ground, firmly nailing the two planks which constituted the floor, so that he could go upon it in doing the work. During his absence, another workman, under directions of the foreman, removed one of the planks, placing another in its place, without nailing or fastening it. Plaintiff, not knowing that any change had been made, returned to his work on the staging, which let him fall to the ground, whereby he was injured. *Held*, that, not the failure of plaintiff's fellow-workman to nail the plank which replaced the nailed

one, but *the act of the foreman in misleading plaintiff into danger*, was the cause of the injury, from which defendant was liable."

In its opinion the court said: "The placing the plank on the brackets without nailing it, would not constitute actionable negligence. [Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433.] That is not what the jury founded their verdict upon. The fellow-servant may have done that. What injured the plaintiff was the misleading of him into danger."

We do not consider that there was any ground which would have justified the trial court in declaring plaintiff to have been guilty of contributory negligence as a matter of law. He did not know the boards had been removed. He had only been at work a few minutes and had not observed it. The only way he could have known it was to have looked up from the ground, or to have observed it as he ascended the ladder. It would be going beyond reason to say, that plaintiff's mere failure to note the absence of the boards was negligence as a matter of law. On the other hand, it is quite reasonable to suppose, in the circumstances shown, that it would not occur to him that the roof had been disturbed in such manner.

It is next insisted that error was committed in failing to instruct the jury as to an act or acts of negligence upon which plaintiff might recover. The only instruction asked by plaintiff, or given by the court for the plaintiff, was one on the measure of damages, in which there is no reference to negligence. It was insisted at the argument that no issues were formulated and submitted to the jury and that in consequence they were not informed on the questions which they ought to determine. It has been the understanding of the bar and has ever been the practice to regard instructions in a civil case as a right which a party may demand. It has been regarded more as a *privilege* of which he cannot be

deprived when he asks them in legal and proper form.
But it has never been supposed that it was compulsory
to ask them and that he must have them without regard
to his desire. No harm can come to a defendant by the
observance of this practice, for nothing can hinder *him*
from asking instructions which will limit a plaintiff's
right within legal bounds and which will confine him to
the issues tendered by the pleadings. The statute pro-
vides (Revised Statutes 1899, section 748): "Either
party may move the court to give instructions on any
point of law arising in the cause, which shall be in writ-
ing and shall be given or refused. The court may of
its own motion give like instructions." The courts have
uniformly construed the word "may" in this section as
permissive and not mandatory. "It is now well-settled
law in this State that the courts in civil cases are not
required to instruct unless requested so to do." [Nolan
v. Johns, 126 Mo. 159, 166; Minter v. Bradstreet Co.,
174 Mo. 444, 491.] "The court is not required in a civil
case to instruct on all questions whether suggested or
not." [Browning v. Railway, 124 Mo. 55, 72; Chicago,
etc., Co. v. Randolph, etc., Co., 103 Mo. 451, 468.] "The
question of negligence was then left to the jury without
any instruction on this point being requested by either
party. It is now too late to say that the jury were not
properly instructed in the law. It will not answer for a
party to lie by and await the chances of a favorable ver-
dict, and when the chance has proved against him, to
turn around and complain of the failure of the court
to give a correct exposition of the law to the jury. When
such a course is taken, we must infer that the party
preferred leaving the law and fact to the decision of
the jury." [Drury v. White, 10 Mo. 354.] "In the trial
of causes neither party is bound to ask instructions."
[Clark v. Hammerle, 27 Mo. 55, 70.] "This is a civil
case and it is firmly established that in civil cases a

failure to instruct on propositions not requested by counsel does not constitute error. Mere non-direction is not error." [Fearey v. O'Neill, 149 Mo. 467, 477; State to use v. Excelsior Dis. Co., 20 Mo. App. 21, 29; Farmer v. Farmer, 129 Mo. 530, 539; Mitchell v. Bradstreet Co., 116 Mo. 226, 243; Hall v. Jennings, 87 Mo. App. 635; Construction Co. v. Railway, 71 Mo. App. 626; Schlotzhauer v. Railway, 89 Mo. App. 65; Brown v. Transit Co., 108 Mo. App. 310, 315; Lackland v. Railway, 101 Mo. App. 420, 428.] "Instructions which are good as far as they go but do not cover the whole case amount in civil cases only to non-direction and not to error, and it is the duty of the other party to ask proper instructions to supply the shortcomings of those by his adversary." [Bank v. Ragsdale, 171 Mo. 618.] "An instruction which expresses the law truly but in general terms and in a manner not likely to mislead the jury does not constitute reversible error, since the party dissatisfied with the instruction may ask one fuller and more definite." [Fillingham v. St. Louis, etc., Co., 102 Mo. App. 573, 585; see also Carpenter v. Hamilton, 185 Mo. 603, 617; Priesmeyer v. St. Louis, etc., Co., 102 Mo. App. 518, 523.]

But we are cited to a case in the Supreme Court (Allen v. Transit Co., 183 Mo. 411, 432), which it is said modifies the rule as heretofore announced. We think it does not do so in the least. In that case instructions were given for the plaintiff, at his request, which were held to be improper and which were manifestly erroneous. It is, of course, too plain for dispute, that if a party concludes to exercise his right to instructions, he must see to it that they are proper as respects the law and that they are not so framed as to confuse or mislead the jury. So, we are cited to Kohr v. Railway, 117 Mo. App. 302, but there instructions were also asked by the plaintiff and given. In one of these the jury were required to assess damages as the result of defendant's negligence "as defined by these instructions." The other

instructions did not define negligence, nor was any reference made to it in the other instructions. So much the same may be said of Casey v. Bridge Co., 114 Mo. App. 64.

In this case, as before intimated, the only instruction asked was solely on the measure of damages. On that issue it was correct. It was based on the hypothesis of the jury finding for plaintiff. It read that, "If you find for the plaintiff, in estimating his damages, if any, you may take into consideration," etc. It made no reference to any question of defendant's negligence, nor to any other issue in the case save as to the element of damages in case the verdict was for the plaintiff.

From the foregoing, it follows that we must affirm the judgment. All concur.