RUDOLPH MENHARDT, Respondent, v. MIDLAND ICE & COLD STORAGE COMPANY, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. NEGLIGENCE: Master and Servant: Defective Guard Rail. Plaintiff sued for damages received while employed in an ice plant. A traveling crane, operated by air power, used to lift up the ice moulds when frozen, left the track and fell, striking plaintiff. The wooden guard rail attached to or near the track to prevent the wheels of the crane from leaving the track, was defective, not strong enough for the purpose and not properly constructed. *Held*, that the demurrer to plaintiff's evidence was properly overruled.

2. ――――: **Instruction: Measure of Damages.** An instruction on the measure of damages which entirely disregards the specific allegations of negligence in the petition and authorizes the jury to find for plaintiff whether any negligence whatever was shown if they found that the crane had fallen and injured him, is erroneous.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook,* Judge.

REVERSED AND REMANDED. .

*Cowherd, Ingraham, Durham & Morse* for appellant.

*Henry J. Latshaw* for respondent.

BROADDUS, P. J.—Defendant appeals from a judgment for $2500 obtained against it by plaintiff for an injury to his left hand received while in the employ of defendant on July 16, 1909, at defendant's ice plant in Kansas City, Missouri. At the time of his injury plaintiff was working at night in a room where ice is frozen. The floor of the room is composed of small lids which fit side by side over the openings where the freezing cans or ice moulds are let down, and subjected to freezing process. They are about four feet high and when filled weigh about 380 pounds each. To lift a can out of the freezer a traveling crane, equipped with air power, was used. Plaintiff was using one of these cranes when he was injured. The machinery consisted of a long iron or steel truck, called a traveling truck or crane, which was composed of a long and heavy iron beam either end of which rested upon and was moved along on wheels running upon a track. This track was about five feet above the level of the floor.

Plaintiff's evidence tended to show that said wheels were kept from running off the track by means of certain boards attached to or near to the track, thereby forming something like a groove for said

wheels to run in; that it was the duty of plaintiff to move the traveling crane over said tracks and that it was his duty to stand and walk at a point almost directly under the traveling crane and near to the loads of ice and ice machinery when so moved; that while he was moving the crane one end came off the track and the guard rail broke and gave way permitting the crane with the load to fall down upon the floor and upon plaintiff's hand, whereby he was injured; that said guard rail was defective and in bad condition, that it was not strong enough for the purpose; that it was poorly constructed and not securely attached to the rail was old and cracked; and that if it had been properly constructed and secured the plaintiff would not have been injured. The plaintiff's evidence further tended to show that the defendant had failed for a long period of time to make inspection of said machinery, and that the defects complained of could have been discovered by such inspection. Plaintiff lost the index finger of the left hand and was confined to the hospital for two months and was not able to do any work until after Christmas. But then he was unable to do heavy work. His hand was still sore at the time of the trial. Dr. Lowman testified that he examined plaintiff's hand while he was at the hospital; that he found a severe crush of his left index finger which was infected, that is, poisoned; that the whole hand was swollen and inflamed; that he tried to save his finger for a few days but as it was getting worse all the time he had to amputate it; and that he suffered a great deal of pain for the first two or three weeks. It was shown that his earning capacity was about two dollars per day.

The answer first consisted of a general denial; secondly, contributory negligence on the part of plaintiff; thirdly, that plaintiff's injury was the result of the ordinary dangers and risks incident to and attendant upon his employment, which risks he assumed. The

defendant submitted a demurrer to plaintiff's evidence which the court overruled.

The plaintiff asked no instructions except one on the measure of damages which the court gave. It is as follows: "The court instructs the jury that if you find for plaintiff, then you shall allow him such a reasonable amount, not to exceed the sum of $7500, as you may find and believe from the evidence would fairly and justly compensate him for any injuries, if any, he sustained to his left hand, on July 16, 1909, while in defendant's ice plant, by reason of and as a direct result of the traveling crane in evidence falling and striking him." The defendant asked only one instruction also which was given, and is as follows: "If you find and believe from the evidence that the traveling crane by means of which plaintiff claims to have been injured was constructed in the manner ordinarily used in ice plants in this and other cities and that such construction was reasonable and proper for the work for which it was intended, then you are instructed to disregard the testimony as to the weakness or rottenness of the board below or outside of the wheels on which the crane travels, and if you find the crane to be properly constructed as hereinbefore stated to you, the plaintiff cannot recover and your verdict must be for the defendant."

The appellant makes the following assignment of errors. First. The court erred in refusing the peremptory instruction to find for defendant. Second. The court erred in giving the instruction offered by plaintiff. Third. The court erred in refusing to set aside the verdict on the ground that it was excessive. It is insisted by appellant that there was no evidence of negligence on the part of defendant, that is to say, that there was no evidence that the use or purpose of the board was to prevent the heavy crane from falling; and that it was never designed to catch the heavy crane after it might leave the track. We believe ap-

pellant has misunderstood the purport of the evidence. We think it was sufficiently shown that the purpose of the board was to prevent the crane from leaving the track and that if it had been in proper condition and securely attached it would not have done so. And it is further contended that it was not shown that this guard rail was necessary as there was no evidence that the crane had ever before left the track. Notwithstanding there were flanges on the wheels which would naturally tend to prevent the crane from leaving the tracks, it was a question for the jury to say whether the guard rails were reasonably necessary to prevent it from so doing. Whereas the master has the right to conduct his business in his own way and is not required to provide his servant with the safest instruments for the doing of his work, as that would be requiring of him the highest degree of care, yet the law is well settled that he must exercise reasonable care to the end that the servant may not be unnecessarily exposed to dangers which could, by the exercise of reasonable precaution, be avoided. Such being our view of the facts of the case, we do not think the court committed error in overruling defendant's demurrer to the plaintiff's case.

It is further contended that plaintiff's instruction was practically a direction to the jury to find in his favor. It is true that the mere failure of the court to instruct the jury on the measure of plaintiff's damages was not error. It is said: "No harm can come to a defendant by the observance of this practice, for nothing can hinder him from asking instructions which will limit a plaintiff's right within legal bounds and which will confine him to the issues tendered by the pleadings." [Wilson v. K. C. Southern Ry. Co., 122 Mo. App. 667.] In our former opinion we overlooked the fact that the said instruction contained something more than a mere instruction directing the jury, if they found for the plaintiff, they would allow such

a reasonable amount as they might believe from the evidence would compensate him for his injuries. It also included the following expression, "by reason of and as a direct result of the traveling crane in evidence falling and striking him." This was substantially a direction to the jury to find for the plaintiff if he was injured "as a direct result of the traveling crane falling and striking him." It entirely disregards the specific allegation of negligence alleged in the petition, and the jury were authorized to find for plaintiff whether any negligence whatever was shown, if they found he was injured by the crane having fallen and injured him. In other words ,it altogether eliminated the question of defendant's negligence; and, in that respect, was contradictory of the instruction given for the defendant, which required the jury to find that defendant had been guilty of the negligence alleged. The cause is reversed and remanded. All concur.