Brown v. Hoffelmeyer.

---

CHARLES W. BROWN, Appellant, v. WILLIAM HOFFELMEYER, Respondent.

Kansas City Court of Appeals, April 4, 1898.

1. **Bills and Notes:** EXECUTION: INDORSEE: KNOWLEDGE OF FRAUD: EVIDENCE. The maker's negligence in ascertaining the character of a note signed by him is no defense against a *bona fide* holder. To defeat such holder, he must have actual knowledge of fraud, and mere information tending to arouse suspicion is not sufficient.

2. **Evidence:** KNOWLEDGE SUFFICIENT FOR INQUIRY. But evidence sufficient to put a prudent man on inquiry is admissible as tending to show *actual* knowledge of the indorsee of the fraud of the payee where the information is communicated before his purchase.

*Appeal from the Andrew Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

VOL. 74 app—25

BOOHER & WILLIAMS for appellant.

(1)    The holder of a negotiable note who bought for value before maturity and without actual notice, can recover upon it, although he took the same under circumstances that would have excited the suspicion of a prudent man.    Nothing short of a *mala fides* in the holder can defeat his recovery.    Even gross negligence will not defeat such a title.    Hamilton v. Marks, 63 Mo. 167; Johnson v. McMurray, 72 Mo. loc. cit. 282; Mfg. Co. v. Dickson, 70 Mo. loc. cit. 274; Jennings v. Todd, 118 Mo. 303; Donovan v. Fox, 121 Mo. loc. cit. 247; Goodman v. Harvey, 4 Ad. & Ell. 470; Bank v. Fagan, 7 E. F. Moore, P. C. 61, 72; Raphael v. Bank, 33 Eng. Law and Eq. Rep. 276; Crook v. Jadis, 5 Barn. & Ad. 909; Backhouse v. Harrison, 5 Barn. & Ad. 1098; Miller v. Race, 1 Burr, 452; Grant v. Vaughn, 3 Burr, 516; Swift v. Tyson, 16 Pet. (U. S.) 1; Goodman v. Simonds, 20 How. (U. S.) 343; Bank v. Neal, 22 How. (U. S.) 96; Murry v. Lardner, 2 Wall. 110; Magee v. Badger, 34 N. Y. 247; Seybel v. Bank, 54 N. Y. 288; Brown v. Tourtelotte, 50 P. 195, Am. Deg. '97, p. 27; Phelal v. Moss, 67 Pa. St. 59; Hynes v. Winston, 40 S. W. Rep. (Tex. Ct. App.) 1025; Swift v. Smith, 102 U. S. 444; Daniel on Neg. Inst., sec. 775; Bank v. Holm, 71 F. (C. C. A.) 489, C. C. A. 94; Doe v. Coal Co., 78 F. (C. C.) 62; Am. Deg. 1897, No. 123, p. 29.    (2) The law presumes that the purchaser of a negotiable note before maturity is a holder in good faith and for value, and this presumption holds until it is overcome by sufficient proof. Lawson on Presumptive Ev., p. 78; Carpenter v. Longan, 12 Wall. (U. S.) 271, 273; Daniel on Neg. Inst., secs. 815, 819.    (3) The trial court committed reversible error in admitting, over plaintiff's objection, the testimony of Metzker and Volmer as to transactions in

another county with which plaintiff was not connected. Such evidence was illegal, irrelevant and incompetent. Merrick v. Phillips, 58 Mo. 436; Hamilton v. Marks, 63 Mo. 167, 175; O'Neil v. Craig, 67 Mo. 250; Fongue v. Burgess, 71 Mo. 389; Greenl. on Ev. [4 Ed.], secs. 171, 190; State v. Wheelhon, 102 Mo. loc. cit. 23; Shirts v. Overjohn, 60 Mo. 310, 311. (4) Even if defendant, by a trick and fraud perpetrated upon him, attached his name to the notes in suit, yet he was guilty of gross negligence in not scrutinizing the papers he signed, and hence can not impeach their validity in the hands of a *bona fide* holder. Shirts v. Overjohn, 60 Mo. loc. cit. 309; Foster v. MacKinnon, Law. Rep. 4 C., p. 704; Chapman v. Rose, 56 N. Y. 137; Putnam v. Sullivan, 4 Mass. 45; Douglas v. Matting, 29 Iowa, 498; Reynolds v. Roth, 33 S. W. Rep. 105; 61 Ark. 317; Highsmith v. Martin, 24 S. E. Rep. (Ga.) 865; Bank v. Stanley, 46 Mo. App. 440; Cowgill v. Pettifish, 51 Mo. App. 264; Fusille v. R. R., 45 Mo. App. 535.

JOHNSON, RUSK & STRINGFELLOW for respondent.

(1) The execution of the notes was denied under oath. If they were forged, plaintiff can not recover. Bank v. Ecky, 51 Mo. 272; Bank v. Adams, 91 Ind. 281; Clark v. Pease, 41 N. H. 414; Colson v. Arnot, 57 N. Y. 253; Randolph on Com. Paper, sec. 1777. (2) If the signature to the notes was not forged but they were procured by the kind of trick which the evidence tends to show, plaintiff could not recover in any event. Bank v. Stanley, 46 Mo. App. 447 and cases cited; Frederick v. Clemens, 60 Mo. 313; Van Raalte v. Harrington, 101 Mo. 602; Rupe v. Alkire, 77 Mo. 641; Sammons v. O'Neill, 69 Mo. App. 530; Drey v. Doyle, 99 Mo. 459; Barrett v. Davis, 104 Mo. 549; Leytle v. Lansing, 149

U. S. 59; Goodman v. Simonds, 61 U. S. 343; Murray v. Lardner, 69 U. S. 110; Dry Goods Co. v. Schooley, 66 Mo. App. 406.   (3) As soon as it is shown that a note was procured by fraud it devolves upon one claiming to be an innocent purchaser for value to show that he is such.   Hamilton v. Marks, 63 Mo. 167; Henry v. Sneed, 99 Mo. 407; Carson v. Porter, 22 Mo. App. 179; Jones v. Burden, 56 Mo. App. 199; Campbell v. Hoff, 129 Mo. 317.   (4) The rule of evidence referred to by appellant in the third point in his brief does not apply to the testimony of Metzker and Volmer in this case. Bank v. Stanley, 46 Mo. App. 446; 7 Am. and Eng. Ency. of Law [1 Ed.], 61; Gibson v. Hunter, 2 H. Bl. 288; Castle v. Bullard, 23 How. 172; Lincoln v. Claflin, 6 Wall. 132; 1 Greenl. on Ev., sec. 53; 1 Phillips on Ev. 732, 774 and cases cited in notes; 1 Wharton on Ev., secs. 29, 39.   (5) There was no evidence of negligence on the part of defendant.  If the notes were not forgeries, they were procured by a gambler's sleight of hand trick.   Bank v. Stanley, 46 Mo. App. 447, and cases cited.

ELLISON, J.—This action is by an indorsee of two negotiable promissory notes.  The judgment in the trial court was for defendant.

The notes, as claimed by plaintiff, were given to one Wallace for a patent stock feed cooker and indorsed to plaintiff by Wallace for value before due in the ordinary course of commercial business. Defendant denied the execution of the notes under oath.  The evidence established, we will not say conclusively, though it approached conclusiveness very closely, that defendant signed the notes.  He may have thought that he was signing some other obligation, but as there was no reason made to appear why he should not have

BILLS and notes: execution: indorsee: knowledge of fraud: evidence.

known what he was signing, his negligence is no excuse against a *bona fide* holder. Shirts v. Overjohn, 60 Mo. 309. He claims however (and there is evidence in his behalf strongly tending to support the claim) that the notes were without consideration and were obtained from him by fraud. In this state of the evidence it devolved upon plaintiff to show that he was a purchaser for value without notice of the failure of consideration or the fraud. On this branch of the issue between the parties, defendant for the purpose of showing that plaintiff had knowledge of the fraud practiced by Wallace, was allowed. to show by witnesses Volmer and Metzker, residing in an adjoining county, that Wallace had defrauded them in obtaining a note from them which he had sold to plaintiff and that they had informed plaintiff (or his agent who reported the information to him) of that fact when he sought to collect them.

It was held by us in Bank v. Stanley, 46 Mo. App. 440, that before an indorsee's title to a negotiable promissory note could be impeached on account of his knowledge of the fraud practiced upon the payor at its inception he must have had actual notice of such fraud; and that notice of facts which would put a prudent man on inquiry or arouse suspicion will not suffice. We regard that case as correctly announcing the rule which obtains in this state and under that case, in which is gathered together the authorities on this question, as well as others to be found in the brief of counsel for plaintiff, we must reject the proposition advanced by defendant that one must not at his peril fail to follow out to the end facts or information which, though not sufficient of themselves to produce knowledge, would, if followed out, lead to knowledge.

But, as we understand the position assumed in defendant's brief in connection with counsel's oral

argument, he further contends that the testimony referred to was admissible as *tending to prove* actual knowledge on part of plaintiff.    There is a class of cases (and defendant relies upon them for support) which hold that as regards the sale of personal property, where the sale is affected by some matter which was against a vendee with knowledge would nullify this title, you must show actual knowledge in the vendee of such matter; yet proof of information or knowledge of facts which would put a prudent man on inquiry, was competent to establish actual knowledge itself.    That is to say, actual knowledge must be established, but proof of such knowledge or information as would put a prudent man on inquiry would be sufficient to authorize a jury, if they saw proper, to find the fact of *actual* knowledge.    Sammons v. O'Neill, 60 Mo. App. 530; Van Raalte v. Harrington, 101 Mo. 602.

We believe the position to be sound.    One is apt to be misled in reading the cases of Bank v. Stanley, *supra*, and Hamilton v. Marks, 63 Mo. 167.    Those cases assert in explicit terms the broad proposition that knowledge of facts which would put a prudent man on inquiry is not actual knowledge or notice.    And other cases, such as Johnson v. McMurray, 72 Mo. 282, and Mayes v. Robinson, 93 Mo. 122, state the proposition that the purchaser must have had *actual* knowledge of *the* facts relied upon to invalidate the note.    There are many instances, especially in equity, when knowledge or information sufficient to put a man on inquiry is held to charge him with whatever knowledge he would have obtained if he had pursued such inquiry.    That is to say, it is held in such cases to be his duty to make the inquiry which his information suggests and if he fails to do so he is chargeable as though he had performed the duty and learned the fact.    But this rule does not apply to commercial paper.    Jennings v.

Todd, 118 Mo. 303. It is clear that a purchaser of a negotiable note does not owe the legal duty to the maker of such note to investigate the consideration of the note. Nor is it his duty to follow out matters of suspicion, or to probe into facts known to him, which, if investigated, would lead to actual knowledge of an infirmity in the paper, unless the matter is so apparent as to amount to bad faith to 'close one's eyes to it. Yet such is the force of the known fact that one, interested in a transaction, will inquire further (if he has the ready means of doing so) into matters about which he has a suspicion, or about which he has an imperfect knowledge, that these matters of suspicion and this knowledge of facts which would ordinarily put a prudent man on inquiry may be given in evidence to be considered by the jury in deciding the question of whether there was *actual* notice. In other words the triers of the fact would be authorized to infer that such purchaser did follow the natural bent of the human mind and did pursue an inquiry suggested by what he knew, which resulted in actual knowledge. So we feel justified in stating that while knowledge of facts which would put a prudent and careful man on inquiry is not equivalent to, and can not be taken for, actual knowledge, it is yet competent evidence tending to prove actual knowledge. We are of the opinion that this statement is justified by adjudications. The rule in this respect as regards the sale of commercial paper is practically the same as the sale of personal property where knowledge of the fraud of the vendor is sought to be charged on the vendee. Parker v. Connor, 93 N. Y. 118. In such cases as has been already stated actual knowledge by the vendee of the vendor's fraud is necessary, yet evidence of knowledge sufficient to put a prudent man on inquiry is admissible as tending to prove actual knowledge. Van Raalte v. Harrington,

101 Mo. 602; Sammons v. O'Neill, 60 Mo. App. 530; Dry Goods Co. v. Schooley, 66 Mo. App. 406; Carroll v. Hayward, 124 Mass. 120; Lyons v. Leahy, 15 Ore. 12. In the two cases last cited, it is said that the facts in evidence may be only such as are calculated to excite suspicion and put a prudent man upon inquiry, but these, admitted or uncontradicted, are sufficient to warrant the inference of actual notice. The case of Murray v Lardner, 2 Wall. 110, relates to the question as applied to negotiable securities and is one of the cases upon which Hamilton v. Marks, 63 Mo., *supra*, was founded and it is there said that: "The circumstances mentioned (knowledge sufficient to excite inquiry in a prudent man) and others of a kindred character, while inconclusive of themselves, are admissible in evidence, and fraud established whether by direct or circumstantial evidence, is fatal to the title of the holder."

Applying this rule of evidence to the case in hand we are of the opinion that any evidence which had a direct tendency to show that plaintiff knew that Wallace was engaged in going about the country swindling farmers and others by inducing them to sign negotiable notes by fraudulent and deceptive practices was competent evidence to submit to the jury on the question of plaintiff's actual notice of fraud in procuring the notes in suit. In Ganz v. Weisenberger, 66 Mo. App. 110, we held that evidence tending to show the payor and his agent or accomplice and the indorsee were in collusion, that the two former made the latter's saloon their headquarters while going about the country getting negotiable notes for lightning rods and that the indorsee went with them on a trip to the country to attempt to enforce a lightning rod contract over which a difficulty occurred, was sufficient to sustain a

·verdict that the indorsee was not a *bona fide* purchaser of the note there sued on.

But in order to make evidence of plaintiffs having sufficient knowledge to put him, as a prudent man, on inquiry, admissible as evidence tending to show actual notice at the time he purchased the notes, it must, of course, be shown that he had such knowledge or information at the time he made the purchase. To show this, as we have before stated, defendant introduced over the objection of plaintiff's counsel, the testimony of the witnesses Volmer and Metzker before referred to. To render the testimony of these witnesses competent defendant should have shown that they gave their information to plaintiff or his agent, before he bought the notes in controversy. This important qualification was not made to appear.

The contrary seems to be the fact. One of the notes is dated September 20 and the other September 21. They were purchased by plaintiff September 22 or 23. The time of his information from Volmer and Metzker was not definitely fixed, though one of them stated that it was "in two weeks after I got the letter," referring to a letter received from plaintiff dated September 11. At another place the witness used the expression "within" two weeks after he got the letter. If it was in two weeks after he received the letter which at the earliest would be the twelfth, it would be the twenty-sixth of September that he had the conversation with plaintiff or his agent, which would be three or four days after plaintiff's purchase. It not appearing that the conversation occurred prior to plaintiff's purchase, the testimony should have been excluded as altogether immaterial. The judgment will be reversed and the cause remanded. All concur.