JOHN STEWART & CO., Appellants, v. JACOB A. ANDES, Respondent.

Kansas City Court of Appeals, February 6, 1905.

1. BILLS AND NOTES: Fraud: Instruction: Burden of Proof. When the maker of a note introduces evidence tending to prove fraud in its inception, the burden to show clean hands devolves upon the purchaser, and an instruction requiring the maker to show the existence of such fraud and plaintiff's knowledge thereof is condemned.

2. ———: ———: ———: Covering Whole Case. Instructions given 'for both parties constitute the court's charge and are to be considered as one instruction, and, if harmonious, it is immaterial that one taken by itself fails to embrace all the essential elements of the case; but where an instruction assuming to cover the whole case peremptorily directs a verdict without regard to an important issue, such as fraud in the inception of the note, it is bad, since out of harmony to the other law given.

3. ———: ———: Evidence: Facts and Circumstances: Scienter. The actual knowledge by the holder of a note of the payee's fraud may be shown by circumstantial evidence, and facts and circumstances that would put a prudent man on inquiry may be admitted as tending to show actual knowledge.

Appeal from Holt Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*T. C. Dungan, H. M. Dungan* and *H. G. Hempstead* for appellant.

(1)   The jury was not mislead by the instructions. (a)   We find many decisions where one word is used for another—"plaintiff" for "defendant" is the most usual. Trustees v. Hoffman, 95 Mo. App. 497; Bank v. Goddard, 8 Mo. App. 596; O'Callaghan v. Bode, 24 Pac. 271; Shortelle v. St. Joseph, 104 Mo. 121; Lin v. Railroad, 10 Mo. App. 134; Railroad v. Merritt, 47 S.E. 908; Nichols & Shepard v. Metzger, 43 Mo. App. 615.   (b) Then again instructions must be construed in their entirety.     McKeon v. Railroad, 43 Mo. 407; Liese v. Meyer, 143 Mo. 560; Moore v. Sanborin, 42 Mo. 493; Crawford v. Doppler, 120 Mo. 367; Cooper v. Johnson, 81 Mo. 490.   (c)  "To warrant a reversal, there must be positive error, such as in our opinion materially affects the merits of the action." Haniford v. Kansas City, 103 Mo. 183; R. S. 1899, sec. 865, and cases cited; Grady v. Transit Co., 102 Mo. App. 216; Woody v. Railroad, 78 S. W. 658; Kitchen v. Railroad, 59 Mo. 520; Tetherow v. Railroad, 98 Mo. 85.   (2)   The verdict was manifestly for the right party.   Nelson v. Foster, 66 Mo. 384; Wagner v. Electric Co., 177 Mo. 60; Noble v. Blount, 77 Mo. 239, cited and approved in Sherwoods v. Railroad, 132 Mo. 346, citing R. S. 1899, sec. 865, and cases cited; also in Methudy v. Ross, 81 Mo. 482; Johnson v. Railroad, 20 N. Y. 65; Smith v. Railroad, 29 Barb. 132; Potter v. Hopkins, 25 Wend. 417; 14 N. Y. 893; Pasley v. Kemp, 22 Mo. 411; Otto v. Bent, 48 Mo. 27, cited and approved in Delaney v. Bowman, 82 Mo. App. 259; Wells v. Zallee, 59 Mo. 509; Desberger v. Harrington, 28 Mo. App. 638; Frick

v. Railroad, 75 Mo. 595; Commiskey v. McPike, 20 Mo. App. 84; Fitzgerald v. Barker, 96 Mo. 666.

*John Kennish* and *J. W. Stokes* for respondent.

(1) Most of the authorities cited in appellants' brief and the arguments made, are not in point, for the reason that said authorities are cases in which a reversal was sought of the judgment of the court in overruling the motion for a new trial, on the ground of alleged error in instructions. This appeal is from a judgment sustaining the motion for error in instructions. The law is not the same in each case. Bunyan v. Railroad, 127 Mo. 22; Ittner v. Hughes, 133 Mo. 692. (2) Plaintiffs' instruction numbered 1, was misleading and erroneous. Hahn v. Bradley, 92 Mo. App. 399. (3) Error is presumptively prejudicial. Morton v. Heidorn, 135 Mo. 618; McVey v. Barker, 92 Mo. App. 507; Walton v. Railroad, 40 Mo. App. 550; Baer, Seasongood & Co. v. Lisman, 85 Mo. App. 320. (4) Plaintiffs' instructions numbered 4, 5 and 6 are erroneous, for the reason that each covers the whole case and authorizes a finding for plaintiff without reference to the issues presented by the defense. Carder v. Primm, 60 Mo. App. 423; Hohstadt v. Daggs, 50 Mo. App. 240. (5) The jury were instructed that to defeat their right to recover, plaintiffs must have had actual knowledge of the specific facts of the fraud. They were not instructed that such knowledge could be inferred from the facts and circumstances. Brown v. Hoffelmeyer, 74 Mo. App. 385; Wilson v. Riddler, 92 Mo. App. 335.

JOHNSON, J.—This action was brought by the indorsees of three negotiable promissory notes which they claimed to hold by purchase from the payee for value before maturity.

The answer under oath in effect admitted the execution of the notes but alleged that after delivery each

of them was altered by the erasure of the words, "and attorney's fees," from the face of the instrument. Also, that all of said notes were procured by fraud practiced by the payee upon the defendant in this, that the payee, assuming to be the owner of the sole right to. sell a certain wire fence machine in the counties of Buchanan and Andrew, this State, agreed in writing with defendant to appoint him its general agent with the exclusive privilege to exercise and use said right in the territory mentioned; which agreement, together with the sale of certain machines by the payee to defendant, furnished the sole consideration for the execution of the notes. It was further alleged that when these contracts were made and the notes delivered, the payee did not own the said right but had, some time before, sold it to another person, of the existence of which facts plaintiffs were charged with having actual knowledge.

The reply was a general denial.

A trial resulted in a verdict for plaintiffs upon all of the notes.. The trial court, however, sustained the motion for new trial, afterwards filed by defendant, upon the ground of error in plaintiffs' instructions; and the appeal is prosecuted by plaintiffs from this order.

At the trial there was no controversy over the fact of the erasure of the words, "and attorney's fees" from the face of the notes; but it was asserted by the plaintiffs' witnesses, and denied by the defendant's, that the words were erased from the printed forms before the notes were executed and delivered. Evidence was also introduced by defendant tending to prove the charge of fraud in the inception of the notes. The agency contracts conveying to defendant the exclusive right to sell the machines in Andrew and Buchanan counties were admitted, as was also evidence to the effect that the same right was then outstanding in another person under a similar contract previously

made by the payee; and that both transactions had been conducted by payee through the same person as its authorized agent. The evidence was sufficient to justify the submission to the jury of both issues raised by the pleadings.

The first instruction given on plaintiffs' behalf covered the whole case, presented both issues and cast the burden of proof upon the defendant, "to show the existence of such fraud and *misrepresentation and that the plaintiffs had such actual notice thereof.*" The rule is with respect to negotiable paper tainted with fraud in its inception that upon the introduction of evidence by the maker tending to prove the fraud the burden devolves upon the holder to show clean hands. He must establish the fact that he is a *bona fide* purchaser of the paper for value, before maturity, free from knowledge of the payee's dishonest conduct in its procurement. [Hahn v. Bradley, 92 Mo. App. 404; Hamilton v. Marks, 63 Mo. 167; Daniel on Negotiable Instruments, sec. 815.] To throw the burden upon the maker to show bad faith in the holder, as is done in the instruction under discussion, would greatly aid in the successful perpetration of such frauds in assisting the payees by transferring the paper to hide behind an alleged innocent holder.

Plaintiffs' instructions four, five and six are also subject to criticism. They are alike, each being based upon a separate count. They also assume to cover the whole case and without referring to other instructions unconditionally direct the jury to find for plaintiffs, if they believe the notes were in their present form at the time defendant signed them and were indorsed to plaintiffs for a valuable consideration before maturity; ignoring entirely the questions of the payees' alleged fraud and the plaintiffs' knowledge of the same.

The instructions given for both parties constitute the charge of the court to the jury, and for this reason are all to be considered together practically as one in-

struction. If they harmonize it is not error that a given instruction taken by itself fails to embrace all the essential elements of the case. It may, in fact, be of such construction that standing alone the giving of it would be reversible error; while, considered in conjunction with other instructions, the whole charge of which it is a part, would clearly and accurately define the law of the case; but an instruction, such as these, which assuming to cover the whole case peremptorily directs a verdict without regard to important issues, and without reference to other instructions, is out of harmony with—is, in fact, contradictory to—the other law given. In effect, the court is saying in one breath, "find for plaintiffs if you believe the notes when signed were in their present form and the payee was free from the fraud charged;" and in the next breath, "find for plaintiffs if you believe the notes were not altered after delivery without regard to the manner in which they were procured."

We deem it unnecessary to refer to the verbal mistakes which were made in plaintiff's instructions one and two. It is admitted they were both inadvertently made and therefore probably will not recur. With reversible error in the instructions, the discussion of the effect of such mistakes made in the hurry of a trial would serve no useful purpose.

In view of the probability of a retrial of the case, we suggest to the trial court that actual knowledge by the holder of the payee's fraud may be shown by facts and circumstances as well as by direct evidence. Indeed, we held in Brown v. Hoffelmeyer, 74 Mo. App. 385, that evidence of facts and circumstances that would put a prudent man upon inquiry should be admitted as tending to show the existence of actual knowledge.

We conclude no error was committed in sustaining the motion for a new trial and this order of the trial court is affirmed. All concur.