ISAAC W. HAMILTON, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY et al., Ap-
pellants.

**Kansas City Court of Appeals, October 2 and November 6, 1905.**

1. **PASSENGER CARRIERS: Negligence: Pleading: Burden of
Proof.**  Passenger carriers should exercise the highest practic-
able degree of care to prevent injury, and the fact of injury
casts on the carrier the burden of proving its care; therefore,
the passenger need not allege specific negligence, but he may
charge it in general terms; if, however, he chooses to allege
specific acts he assumes the burden of proving them and must
recover upon such averments.

2. ———: ———: ———: ———: **Signals.**  An averment in a pe-
tition sounding in negligence charged the carrier did not keep
necessary and reasonable lookout and failed to observe the ap-
proach of a freight car, embraces the conduct of a watchman
that directed the street car to cross a railroad track when a
switching train was about to use the track; and an averment
that the railroad failed to warn the street car of its approaching
switching train in the night embraces the negligence of its
switchman in failing to give warning to the common watchman
of the two companies, but instead signaling the motorman of
the car, as also the common negligence of the switchman and
watchman in refusing to signal one another and to recognize
such signals.

3. ———: ———: ———: **Averments: Instructions.**  Instructions
set out in the opinion are condemned because they required a
verdict against the offending defendant, although the jury might
not believe in the existence of the specific acts of negligence
alleged in the petition and turned the jury into the entire field
of negligence without restrictions thus enlarging the issues.

4. ———: ———: ———: ———: ———.  Nor is such error
cured by instructions given in behalf of the defendant when
there is a conflict and the jury would have to select which set
it would follow.

Appeal from Jackson Circuit Court.—*Hon. L. H. Wal-
ters,* Special Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant Metropolitan Street Railway Company.

(1) The demurrer to the evidence ought to have been sustained: there was no evidence of failure to keep a watchman, nor of failure to keep a reasonable lookout, but on the contrary both were affirmatively shown to have been done. Edens v. Railroad, 72 Mo. 213; Yarnell v. Railroad, 113 Mo. 580; Hite v. Railroad, 130 Mo. 138; 2 Fetter Carriers of Passengers, sec. 480. (2) The court erred in giving instructions asked by the plaintiff, by appellant's co-defendant, and of its own motion. (a) Plaintiff's numbered one was and is a complete departure from the pleadings. Railroad v. Boyer, 97 Pa. St. 91; Price v. Railroad, 72 Mo. 414; Feary v. Railroad, 162 Mo. loc. cit. 96; Hamson v. Railroad, 55 L. R. A. 608; Potts v. Railroad, 33 Fed. Rep. 610; Railroad v. Gibson, 96 Pa. St. 83; Quinlan v. Railroad, 4 Daly 488; Railroad v. Kuhn, 86 Ky. 578; Hite v. Railroad, 130 Mo. 138. (b) Plaintiff's numbered two ignores all the issues of the pleadings and authorizes a recovery without other proof than the existence of danger and a failure to exercise a high degree of care. Authorities cited under subdivision a. (c) Plaintiff's numbered three is subject to the same objections with the additional objection that it authorizes the jury to render a verdict against appellant if defendant could have averted the collision by the exercise of a high degree of care, when nowhere is there an allegation in the petition of that character. See authorities under subdivision a. Tibbe v. Camp, 154 Mo. 583; State v. Rutherford, 152 Mo. 133; State v. Hibler, 149 Mo. 486; Feary v. Railroad, 162 Mo. 75.

*Scarritt, Griffith & Jones* for appellant Chicago & Alton Railway Company.

(1) The court erred in giving instruction numbered two on the part of the plaintiff. (2) Instruc-

tions directing a verdict must be limited to the acts of negligence alleged in the petition. It is error for such an instruction to enlarge the issues joined by the pleadings. Schlereth v. Railroad, 96 Mo. 515; Koenig v. Depot Co., 173 Mo. 724; Hite v. Railroad, 130 Mo. 136; Bartley v. Railroad, 148 Mo. 139; McManamee v. Railroad, 135 Mo. 440; Waldhier v. Railroad, 71 Mo. 514; Pryor v. Railroad, 85 Mo. App. 378. (3)    Plaintiff's instruction numbered three is infected with the same vice as his instruction numbered two.

*T. A. Witten* and *Roland Hughes* for respondent.

(1)    The demurrer to the evidence should not have been sustained even if there had been no proof tending to show that there was no watchman at the crossing, and that said defendant failed to maintain a proper lookout, because these were not the only allegations of negligence in the petition.    (2)    Plaintiff proved that the place of the accident was light, that the tracks were so situated that the Alton train was in full view of the motorman.    This evidence made it prima facie that they could and would have seen and avoided the danger if they had kept a proper lookout.    However, the plaintiff waived his demurrer by proceeding with the defense and supplying with his own witnesses the evidence necessary to make plaintiff's case.    Esurie v. Railroad, 96 Mo. 290; Price v. Barnard, 65 Mo. App. 649; Hills v. Railroad, 101 Mo. 36; Jennings v. Railroad, 112 Mo. 268.    (3) Schmidt, the watchman who was defendant's agent, testified that he knew the Alton freight train was on the track, coupling just west of the street car track.    That a string of ten or twelve cars stood on the track—the first one only a few feet from the first car track.    That the engine and a long train were on the same track. (4)    Counsel of said defendant criticise instruction one, for plaintiff, and one, two and three, given by court of its own motion.    The criticism, we think, is more in-

genious than ingenious. The instructions must be taken together and, when so taken, present the law fairly. Bettes v. Magoon, 85 Mo. 580.

JOHNSON, J.—Action to recover damages for personal injuries sustained by plaintiff in a collision. On August 31, 1901, plaintiff was a passenger upon a car, in service for the carriage of passengers, on one of the lines of street railroad operated by the defendant street railway company, in Kansas City. At the time of the injury the car was north bound on Lydia avenue, and was crossing the yards of the defendant railroad company. The street car line, at this place, crosses at a right angle some fifteen railroad tracks, fourteen of which belong to the defendant railroad company, and one to the Missouri Pacific Railway Company. When the street car aproached the crossing several freight cars were standing upon one of the Chicago & Alton tracks, the east end of the string being immediately west of the sidewalk line. West of these cars, on the same track, a number of freight cars were being slowly moved eastward by an engine, to couple with the stationary cars mentioned. A watchman, jointly employed by both defendants and the Missouri Pacific Company, was on duty to control the passage of cars and other vehicles, over the crossing. The street car, propelled by electricity, was in charge of a motorman and conductor. One of the switchmen, employed by the defendant railroad company, was assisting in the switching then in progress, and was standing in the street near the east end of the cars.

The motorman stopped his car at the entrance to the crossing. Receiving a signal from the watchman to proceed, he started forward, but before reaching the track upon which the freight cars stood, stopped in obedience to a signal from the switchman. Thereupon the watchman again signaled to him to cross, which he proceeded to do. In going over the railroad tracks in

question, the rear end of his car was struck and derailed by the freight cars, which in the meantime had been set in motion in the process of being coupled with the moving train. The street car was not damaged, and was carried out of danger by its own forward motion. Plain-tiff, who was seated at the time, claims that the jar caused by the collision pitched him forward against a seat with enough force to rupture him. He recovered judgment against both companies in the sum of one thousand four hundred dollars.

Specific acts of negligence are charged in the petition against each defendant. The street railway company is alleged to have "carelessly and negligently operated and conducted said car across the tracks . . . without then and there having a watchman, and without keeping a necessary and reasonable lookout, and . . . failing to observe the approach of the freight car, and . . . failed to notify the agents and servants of its co-defendant of its approach," etc. And the defendant railroad company is alleged, in substance, to have negligently failed in these particulars, to maintain a watchman and to warn the street car company of the approach of the freight car; to place a light on the front end of the freight car, or to give warning by flagman or lookout, and that without warning it ran this freight car, in the nighttime, at a rapid rate of speed, across the tracks of the street car company.

At the conclusion of the evidence, each defendant asked the court to instruct the jury to return a verdict in its favor, both of which requests were refused. Considering first the ruling upon the demurrer to the evidence offered by the street railway company, these principles control: A common carrier, though not an insurer of the safety of its passengers, is held to the exercise of the highest degree of care in protecting them from injury. The right of action, however, that accrues to the passenger injured while being served by the carrier, is founded in negligence, but from the character of the re-

lation a presumption of negligence arises from the fact of injury that throws the burden upon the carrier to establish upon its part the exercise of the degree of care required. Under this rule it is unnecessary for the plaintiff, in such case, to specify in his petition the negligent acts that produced his injury. It is sufficient for him to charge, in general terms, that he was injured while being carried as a passenger, as a result of the negligence of the carrier. But when the plaintiff chooses to allege in his petition the specific acts of negligence of which he complains, he assumes the burden of proving them, and as in other cases must recover, if at all, upon the negligence pleaded. [Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; Bunyan v. Railroad, 127 Mo. 12; Hite v. Railroad, 130 Mo. 132; McManamee v. Railroad, 135 Mo. 440; Bartley v. Railroad, 148 Mo. 124; Feary v. Railway, 162 Mo. 75; Wilbur v. Railroad, 110 Mo. App. 689.]

While it is conceded there is a failure of proof to sustain the charge that no watchman was kept at the crossing by the defendants, there is evidence supporting those remaining. The failure to keep a reasonable and necessary lookout and to observe the approach of the freight car, alleged as negligence, embraces a wider scope than that conceded by the counsel for this defendant. It included the neglect of the watchman as well as that of the servants in charge of the street car, to take proper precautions to apprise themselves of the impending danger before sending the car forward. There is evidence to show that the watchman was particularly derelict in the discharge of his duty. It was dark at the time, and while the street was lighted, there was no light in the yards where the engine and moving cars were in operation. The watchman testifies that before giving the first signal to the motorman, he looked at the train but failed to observe its motion; after the switchman sig-

naled the street car to stop he looked again without observing any danger, and then gave the second signal that led to the collision. The action of the switchman in giving the signal to stop was enough to call for some inquiry, but the watchman was angered at the switchman over a dispute that occurred between them earlier in the evening, and admits that he did not inquire of the switchman the reason for ordering the halt. The switchman states that he gave verbal warning of the approaching danger, loud enough for all to hear, and that the watchman and motorman refused to heed him, but this is denied by the other witnesses, who say that the switchman did not speak but signaled with his lantern. The real cause of the accident appears to have been the result of a clash between the watchman and switchman, over the right asserted by the former to give all crossing signals. Because the switchman would not concede him this privilege, the watchman resenting what he deemed an unwarrantable interference with his prerogative, gave the second signal. The switchman contemptuously refused to notify the watchman of the danger he knew to be imminent, and assumed the right to give signals direct to the motorman.

By this foolish conduct on the part of both men, the safety of a number of passengers was jeopardized. Without more, this is enough to take the case to the jury, against both defendants on the negligence pleaded. Neither defendant was observing even ordinary care. Due care required the watchman to avail himself of all means at hand for learning the true situation, and required the switchman to notify the watchman of the facts known to him, that made the crossing dangerous.

Among others the court gave the following instructions on behalf of plaintiff:

"1. The court instructs the jury that if you find and believe from the evidence that the plaintiff was received upon one of the cars of the defendant, The Metropolitan Street Railway Company, as a passenger, to be

transported by it from Walnut street to Guinotte street, in the East Bottoms, and that the said defendant's line of street railway, upon which plaintiff was being carried crosses the tracks of the Chicago & Alton Railway Company, at or in the neighborhood of Lydia avenue and First street, and that while the car in which plaintiff was being carried was crossing the tracks of the Chicago & Alton Railway Company, came in collision with the car upon the tracks of the Chicago & Alton Railway Company, and that plaintiff, by reason of said collision, received injuries, then you should find for the plaintiff and against the defendant, the Metropolitan Street Railway Company, unless you are satisfied from the evidence that the servants and employees of the defendant, the Metropolitan Street Railway Company, in charge of the car upon which plaintiff was being carried, in approaching and conducting said car across the tracks of the Chicago & Alton Railway Company, exercised the highest degree of care consistent with practical and efficient operation of the railroad, and the movement of its cars, and by this is meant that high degree of care that would be exercised by a prudent, careful and skillful railroad man, under the same circumstances. And if the jury find from the evidence that the servants of the defendant, the Metropolitan Street Railway Company, in charge of said car, failed even in a slight degree to use such care, and thereby directly contributed to cause plaintiff's injury, then the defendant, the Metropolitan Street Railway Company, is liable, although the jury should find from the evidence that the employees of the Chicago & Alton Railway Company also failed to exercise ordinary care and thereby contributed to cause said collision.

"2. The law imposes upon every one in the transaction of their business the obligation to exercise a degree of care commensurate with the danger of the situation, and the liability of the instrumentalities used to produce injury to others; therefore if you find from the

evidence in this case, and all the facts and circumstances in proof, that the crossing at Lydia avenue and First street was one of more than ordinary danger, then it became the duty of the servants and agents of the defendant, the Metropolitan Street Railway Company, in transporting the plaintiff at said crossing to use a degree of care commensurate with the danger of the situation, in view of all the facts and circumstances in proof, so far as the same could be done, consistently, with the practical and efficient operation of said defendant's street car line; and it was the duty of the servants and agents of the defendant, Chicago & Alton Railway Company, to use such a degree of care as prudent and cautious railroad men would use in view of the danger of the situation as shown by all the facts and circumstances in proof; and if you find from the evidence that either of the defendants failed to exercise such care, and thereby caused the collision and injury to the plaintiff, you will find for the plaintiff against such defendant as failed to exercise such care, and assess his damages.

"3. If the jury should find from the evidence in this case that the employees of the Chicago & Alton Railway Company did not exercise ordinary care in backing the car of the said railroad company across the tracks of the Metropolitan Street Railway Company, at the time and place of plaintiff's injury (if you find from the evidence that he was injured) and you also find from the evidence that such want of care (if there was such a want of care), directly contributed to cause the collision of the car of the Chicago & Alton Railway Company with the car of the defendant, the Metropolitan Street Railway Company, upon which plaintiff was being carried, and by such collision plaintiff was injured; and if the jury further find from the evidence that the servants in charge of the car of the defendant, the Metropolitan Street Railway Company, in which plaintiff was such passenger, if they had exercised a high degree of care, such as would have been exercised by prudent,

careful and skillful railroad men, under the same circumstances, would have averted said collision and injury, then plaintiff is entitled to recover against both defendants."

It will be observed with respect to the cause of action pleaded against each defendant, that the court in these instructions ignored the limits imposed by the allegations of the petition, and turned the jury into the entire field of negligence without restriction. Finding that the street railway company failed in any manner to use the highest degree of care, or that the railroad company did not observe ordinary care, and that either tort resulted in or contributed to the injury of the plaintiff, the jury was required to return a verdict against the offending defendant, regardless of whether or not they believed in the existence of any of the specific acts of negligence averred. This was reversible error. Instructions should not enlarge the issues presented by the pleadings. [See authorities above cited.]

We cannot sanction the claim made by the plaintiff that this error was cured by the instructions asked and given on behalf of defendants. Granting that in them the court did confine the issues submitted to those pleaded, and that all of the instructions given constitute a single charge, the jury was confronted with declarations in irreconcilable conflict with each other. The two commands, "Find against defendants if you believe them negligent in any manner," and, "Do not find against them unless you believe they were negligent in some manner charged," cannot be harmonized. The jury may have found it necessary to reject one or the other, and if this is the case, judging from the verdict rendered, must have accepted that in favor of the plaintiff. [Stewart v. Andes, 110 Mo. App. 243.]

Other assignments of error we find to be without merit. The judgment is reversed and the cause remanded. All concur.