A. C. HOOPER, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1907.

1. **NEGLIGENCE: Proximate Cause: Personal Injury: Passenger.** A passenger was standing on the platform of a street car which was protected by a railing save in the center where a gateway was usually closed with a detachable chain, which on this occasion was left detached. On a sudden lurch of the car the passenger was thrown forward and fell through the gate between the cars. *Held*, the open gate and not the lurch of the car was the proximate cause of the falling and the injury.

2. **————: Instruction: Non-Direction: Error.** Where in a civil case the court fails to instruct on issues not embraced in the instruction asked by the parties, such action amounts to mere non-direction and is not error. [Cases considered.]

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Johnson* for appellant.

(1) The instructions asked and given for the plaintiff wholly fail to advise the jury what issues they are to determine, but leave the same to the unrestrained action thereof. Butcher v. Deane, 15 Mo. 271; Gessly v. Railroad, 26 Mo. App. 156; Fleischmann v. Miller, 38 Mo. App. 177; Allen v. Transit Co., 183 Mo. 532; Boyd v. Transit Co., 108 Mo. App. 306; Summers v. Transit Co., 108 Mo. App. 325; Schroeder v. Transit Co., 111 Mo. App. 76; Hamilton v. Railroad, 114 Mo. App. 513; Kohr v. Railroad, not yet reported. (2) Objection not cured by instruction numbered 4, given by court of its own motion, but accentuated thereby. (3) Negligence alleged, not proximate cause. Saxton v. Railroad, 98 Mo. App. 501; Beetz v. Cavanaugh, 137 Mo. 510; Christy v. Hughes, 24 Mo. App. 275; Hall v. Railroad, 84 Mo. App. 443; Lucas v. Railroad, 174 Mo. 270.

*Boyle, Guthrie & Smith* for respondent.

(1) It is well settled in this State that mere nondirection is no foundation for reversal. R. S. 1899, sec. 748. (2) The claim is that the jerking of the car, and not the absence of the guard chain, was the approximate cause, and that there was no complaint that the lunge, the alleged proximate cause, was negligently brought about. This was a cable train. The courts take judicial notice of the jerks and lunges inevitably incident to the operation of such trains. Pryor v. Railroad, 85 Mo. App. 367.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been sustained in consequence of the negligence of defendant. Plaintiff recovered judgment in the sum of two hundred and fifty dollars and defendant appealed. The injury occurred on November 20, 1903, while plaintiff was a passenger on a cable train operated by defendant on one of its lines of street railway in Kansas City. The train consisted of a gripcar and trailer. Plaintiff boarded the latter vehicle, and owing to its crowded condition, stood on the front platform which was provided in front and at the end opposite the entrance with an iron railing. In the front railing, opposite the aisle of the car, a narrow gap was left for the purpose of affording a passageway between the trailer and gripcar. An iron chain detachable at one end performed the office of a gate in this open space, and it was the duty of the trainmen to keep the chain in place. On this occasion, the conductor, in passing from the trailer to the grip car, neglected to hook the chain in its proper place and in consequence the gap was left open. Plaintiff did not observe this omission of the conductor, and, while standing on the platform, was suddenly thrown forward by a violent and unexpected lurch of the car in such manner that he fell through the open place thus left, and was injured. The failure of the conductor to fasten the chain is the specific act of negligence on which is founded the cause of action pleaded in the petition.

It is argued by defendant that the action must fail for the reason that the producing cause of the injury is to be found in the sudden and violent jerk of the car and not in the neglect of the conductor to fasten the chain. The car being crowded, plaintiff was riding on the platform on the implied invitation of defendant and obviously one of the main purposes intended to be served in inclosing the platform with a guardrail was the protection of passengers who might find it necessary to occu-

py it during their transportation.   It appears that the sudden jerk of the car was one belonging to the class of unavoidable and quite common incidents in the operation of cable trains.   [Pryor v. Railroad, 85 Mo. App. 367.]   And while it is true this jerk initiated the motion of plaintiff that resulted in his injury, the immediate and sole producing cause of the injury was the open gap in the guardrail.   It is a fair inference to say that had the chain been fastened, it would have arrested plaintiff's motion and thereby prevented his fall.   The lurch of the car but served to produce a condition for the operation of the negligent act and that act being the last one in the chain of causation must be held to have been the proximate cause of the injury.

The only issue submitted in the instructions given to the jury on behalf of plaintiff is that relating to the measure of damages.   No reference is made to the issue of negligence in this instruction and it is contended by defendant that error was committed in submitting the case to the jury without in any manner instructing them as to what facts if found would constitute negligence. Recently, in the case of Wilson v. Railroad, 122 Mo. App. 667 we had occasion to consider this precise question, and we there held that in civil causes the failure of the court to instruct on issues not embraced in instructions asked by counsel amounts to nothing more than mere non-direction and does not constitute error. For the reasons stated in the opinion filed in that case and in the authorities therein cited, we are well satisfied with the doctrine stated.   Nor is there any lack of harmony between it and the rule applied in cases of which Casey v. Bridge Co., 114 Mo. App. 47; Hamilton v. Railway, 114 Mo. App. 504, and Kohr v. Railway, 117 Mo. App. 302, decided by this court, and Allen v. Transit Co., 183 Mo. 411, and Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062, decided by the Supreme Court are typical.   In each of these cases, it will be

observed the instruction criticised did submit the issue of negligence without stating what facts if found would constitute negligence.    Each was a case where specific acts of negligence were alleged in the petition and, in thus instructing the jury, the court, in effect, ignored the issues 'made by the pleadings and enlarged the scope of the cause of action therein asserted.    Clearly this was more than non-direction; it was positive mis-direction and constituted reversible error.

The case of Sweeney v. Railway, 150 Mo. 385, is not in conflict with the rule followed in the cases under consideration.    There the instruction of which complaint was made submitted the facts on which the charge of negligence made in the petition was predicated, but failed to contain a definition of the term negligence.    The Supreme Court properly held that the lack of such definition could not have 'misled the jury, but in the cases under discussion, the defect consisted not of the failure to define negligence but of the submission of the issue of negligence without the inclusion in the instruction' of the facts constitutive of the particular cause of action pleaded—distinct propositions controlled by entirely different principles.    In the present case, we must hold that as plaintiff did not submit the question of negligence at all, the omission is to be classed as non-direction and cannot be denominated error.

Point is made by defendant against another instruction, but it is so manifestly without merit that we do not deem it worthy of discussion.

The judgment is affirmed.    All concur.