MARY O'LEARY, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, December 2, 1907.

MUNICIPAL CORPORATION: Defective Sidewalk: Instructions: Negligence. An instruction submitting the question of the city's negligence in maintaining its sidewalk and the plaintiff's freedom from negligence at the time of her injury, is approved, and it is held it was unnecessary to define negligence in that or any other instruction.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED. ·

*Edwin C. Meservey*, City Counselor, and *Francis M. Haywood*, Associate City Counselor, for appellant.

The court erred because in respondent's first instruction the court submitted the question of appellant's negligence and respondent's freedom from negligence, to the jury without defining in that or any other instruction what constituted negligence. Casey v. Bridge Co., 114 Mo. App. 47; Megrane v. Railway, 183 Mo. 119; Goodwin v. Railroad, 27 Mo. App. 617; Gessley v. Railway, 26 Mo. App. 156; Gurley v. Railway, 93 Mo. 445; Senate v. Railway, 41 Mo. App. 295.

*Henry J. Latshaw* and *Ralph S. Latshaw* for respondent.

(1) Of all the decisions in this State touching upon this proposition, not one can be found to support appellant's contention. Wilson v. Railway, 99 S. W. 465; Sweeney v. Railway, 150 Mo. 385; Barnett v. Swearingen, 77 Mo. App. 64; Wheeler v. Bowles, 163 Mo. 398; Longan v. Weltman, 180 Mo. 322; Smith v. Fordyce, 190 Mo. 1; Poorman v. Kansas City, 105 Mo. App. 691; O'Neill v. Blase, 94 Mo. App. 648; Rattan v. Co., 96 S. W. 735.

JOHNSON, J.—Plaintiff fell into a hole in a sidewalk on one of the public streets of Kansas City and was injured. She alleges in her petition that the injuries were caused by the negligence of defendant in failing to exercise reasonable care to discover and repair the defect. The answer of defendant contained a general denial and a plea of contributory negligence. The trial resulted in a verdict and judgment in favor of plaintiff

in the sum of $1,225, and the cause is here on the appeal of defendant.

The only error assigned relates to the first instruction given on behalf of plaintiff, which is as follows: "The court instructs the jury that if you find and believe from the evidence that on November 29, 1904, and for a number of months continuously prior thereto, there was a hole or step-off several feet deep on the west side of Bell street and about two hundred feet south of Ninth street and that said hole or step-off, if any, made said sidewalk dangerous and not reasonably safe for the ordinary purposes of travel thereover, and if you further find and believe from the evidence that defendant knew, or by the exercise of ordinary care and caution could have known of said condition of said sidewalk at said place on November 29, 1904, and for a reasonably sufficient length of time prior thereto to have either remedied said defects, if any, in said sidewalk or to have placed barriers, lights or other warning at or near said hole or step-off, if any, by the exercise of reasonable care and caution, and that defendant failed to repair said sidewalk or to put up said barriers or lights or other warnings at or near said hole or step-off, and if you further find and believe from the evidence that said neglect of said defendant to either remedy said hole or step-off or put up lights or barriers at or near said hole or step-off was negligence on the part of defendant and that on account of said negligence, if any, plaintiff was injured by stepping into or falling into said hole or step-off in the nighttime of said November 29, 1904, without any fault or negligence on her part contributing thereto, then the court instructs you that the fact, if it be a fact, that said hole or step-off was caused by the flood of June, 1903, is of itself no defense to plaintiff's right of recovery, if any."

It is not claimed, nor does it appear that this instruction was unsupported in any particular by the

Milling Co. v. Railroad.

evidence introduced by plaintiff, nor that it departed from or enlarged the cause of action pleaded in the petition. But the objection is to the omission from this and other instructions given at the instance of plaintiff of a definition of the term negligence. The precise question thus raised has been considered recently by us in two cases and ruled adversely to the contention of defendant. [Wilson v. Railway, 122 Mo. App. 667; Hooper v. Railway, 125 Mo. App. 329.] It is unnecessary to repeat or elaborate what was said in those cases, and we refer to them for a full expression of our views.

The judgment is affirmed. All concur.