METTA LANDRUM, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, October 5, 1908.

1. NEGLIGENCE: Evidence: Demurrer.　The evidence relating to the manner of an injury received on a station platform is examined and held sufficient to go to the jury on the question of negligence and the employment of the truckman whose truck is alleged to have done the injury, and also whether the plaintiff was attempting to board a moving train.

2. ————: ————: Instruction: Argumentative.　An instruction is held not to be argumentative but to merely call attention to facts necessary to recovery.

3. ————: Definition: Instruction.　In this state it is not now necessary in all cases to define negligence as the jury are supposed to understand what the term means.

4. ————: Instruction: Particular Facts.　An instruction set out in the opinion is condemned for calling special attention to particular facts so as to give them undue prominence.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*W. F. Evans* and *Woodruff & Mann* for appellant.

(1) The court should have given the peremptory instruction at the close of all of the evidence. Nugent

v. Milling Co., 131 Mo. 252; Deane v. Transit Co., 192 Mo. 584; Gurley v. Railroad, 104 Mo. 233; McLachlin v. Baker, 64 Mo. App. 511; Railroad ' v. Collier, 157 Fed. 347. (2) An examination of the testimony in this case will clearly show that the verdict of the jury is against the weight of the evidence. The trial court should, therefore, have set aside the verdict and granted a new trial; and the failure to do so constitutes error which this court should correct by reversing the judgment and granting a new trial. Alexander v. Harrison, 38 Mo. 258; Ellis v. Bray, 79 Mo. 227; McCarty v. Finnell, 106 Mo. 445; Ettlinger v. Kahn, 134 Mo. 492; Ishe v. Transport Co., 13 Mo. App. 133; Peck v. Railroad, 31 Mo. App. 123; Quincy v. Railroad, 56 Mo. App. 60; Lehnick v. Railroad, 118 Mo. App. 611. (3) Instruction number 1 asked for by and given to plaintiff is erroneous, in that it is argumentative. Johnson v. Railroad, 117 Mo. App. 308; Benjamin v. Railroad, 50 Mo. App. 602; Flannery v. Railroad, 44 Mo. App. 396; Jones v. Roberts, 37 Mo. App. 184. (4) It is further erroneous in that it predicates recovery upon the jury finding that the defendant was negligent; and does not define negligence, nor does any other instruction do so. Magrane v. Railroad, 183 Mo. 132; Goodwin v. Railroad, 75 Mo. 73; Ravenscraft v. Railroad, 27 Mo. App. 623; Johnson v. Railroad, 117 Mo. App. 311; Senate v. Railroad, 41 Mo. App. 295; Dairy Co. v. Transit Co., 98 Mo. App. 20. (5) Instruction number 7, asked on the part of the defendant, should have been given. It is always proper for the jury to be told that they may consider facts which tend to contradict plaintiff's good faith in maintaining the suit, especially when there is, as in this case, no conflict in the testimony tending to show such facts. Shular v. State, 105 Ind. 289; Engman v. Immel, 59 Wis. 249; Blackwell v. Thornton, 31 Ga. 641; Wagner v. Hipple, 13 Atl. 81; Smith v. State, 92 Ala. 69.

*Thomas & Hackney* and *McPherson & Hilpirt* for respondent, submitted an argument.

BROADDUS, P. J.—The plaintiff's suit is to recover damages for the alleged negligent act of defendant's employee whereby she was greatly injured. It appears from her testimony that in November, 1905, at night, she went upon defendant's platform at Aurora, Missouri, to take passage on defendant's cars, that she hurriedly walked along until she came near the cars then at the station and about to depart when she was struck on her hip by a heavily loaded truck which was shoved against her without any warning of its approach, whereby she was knocked to the platform and as she attempted to rise she threw out her hands against a car which was then moving and was again thrown down. She and others testified that she was severely injured.

The defendant contends that the court, upon the plaintiff's own showing, as her case depended almost solely on her own evidence, should have sustained the demurrer to her testimony and instructed the jury to return a verdict accordingly. The plaintiff's evidence in some instances was seemingly inconsistent and indefinite but considering it altogether and after making a reasonable allowance for her somewhat excitable temperament it is reconcilable with the statement we have made.

The defendant's counsel have copied into their brief much of her testimony, for the purpose of showing that she failed to make out a case. But we do not believe that such a method is the proper way to interpret the evidence of a witness or the testimony in a case. We have applied to this case another and different test which we believe to be just, and that is to look at the testimony in the light of all that has been said

.and the surrounding circumstances, and then form a conclusion.

And we are also satisfied that the person in charge of the truck was an employee of the company for all the circumstances indicate that he was. It is true defendant's testimony greatly preponderates in favor of the defendant's theory that the plaintiff was not injured as she claims she was, but that she was thrown down and injured while attempting to board the moving train. It became a question of credibility as to who told the truth, the plaintiff or other witnesses. We are bound by the verdict.

Instruction numbered one given at the instance of plaintiff is criticised on the ground that it is argumentative. The instruction is quite lengthy and its purpose was to present all the issues raised in the case for the jury to pass upon. We do not see that it submits other questions and facts than. disclosed by the pleadings and the testimony, and it is in no sense argumentative. The attention of the jury is merely called to certain facts of which there was evidence and which were necessary to plaintiff's right to recover. There is nothing whatever to be found in the instruction of argumentative character.

Another objection is, that it uses the term negligence without defining it, and that there is no other instruction in the case that supplies the defect in that particular. We do not think it was necessary especially as the jury were practically informed as to what facts would constitute negligence. And the rule now is in this state that it is not necessary in all cases to define negligence as the jury are supposed to understand what the term means. [Sweeney v. Railroad, 150 Mo. 385; Wilson v. Railroad, 122 Mo. App. 667; Hooper v. Railroad, 125 Mo. App. 329; O'Leary v. Kansas City, 127 Mo. App. 77, 106 S. W. 94.] We do not think the hold-

ing in Magrane v. Railroad, 183 Mo. 119, is in conflict with the foregoing decisions.

The defendant asked the following instruction which the court refused to give, which action of the court is assigned as error, to-wit:

"The court instructs the jury that in passing on this case and the evidence, they may consider with all the other facts and circumstances in evidence, the fact that plaintiff requested defendant's station agent not to report the accident and the fact that plaintiff made no claim against defendant on account of her alleged injuries for over a year thereafter, as bearing on the question of the manner in which her injuries were received." This instruction is an example, where certain facts are singled out for the consideration of the jury and therefore given special importance, over other facts of equal or greater importance. It is sufficient to say, that no instances can be found, where such a practice has not been condemned by the appellate courts of this State.

We have noted all the important points raised on the appeal. Affirmed. All concur.