DANIEL W. MAYNARD, Respondent, v. CHICAGO,
BURLINGTON & QUINCY RAILROAD COM-
PANY, Appellant.

Kansas City Court of Appeals, May 1, 1911.

1. **INSTRUCTIONS:** Negligence: Enlarging Scope of Plaintiff's
Action: Error. Where the gravamen of the cause stated in
plaintiff's petition was negligence in allowing an engine un-
necessarily to emit steam in a volume to produce a loud, un-
usual noise, and where it was not charged that defendant
negligently failed to avoid frightening plaintiff's horses by dis-
continuing the noise after the engineer saw, or by the exercise
of reasonable care, should have discovered, that the noise of the
escaping steam was terrifying the horses, and if continued,
would cause them to run away. *Held*, that it was error for the
trial court to enlarge the scope of the cause of action by in-
cluding in the instructions given at plaintiff's request negli-
gence of the latter character.

2. **RAILROADS:** Master and Servant: Assumption of Risk.
Plaintiff, who was a laborer with his team working on a rail-
road embankment, sued to recover for personal injuries alleged
to have been caused by the negligence of defendant in the
operation of one of its trains. One of defendant's trains fright-
ened another team which ran away, and knocked plaintiff down.
The constitutive elements of plaintiff's cause as pleaded were,
first that the noise produced by the escaping steam was the
proximate cause of the runaway; second, that the emission of
the steam was unnecessary; and third, that the noise was un-
usually loud and terrifying. Plaintiff adduced no evidence
tending to establish the second and third of these elements.
*Held*, that the relation between plaintiff and defendant was
that of master and servant; that the risks of injury from pass-
ing trains operated in the usual manner were natural and
inherent risks of the employment, and as such were assumed
by plaintiff; that the evidence showed beyond a reasonable
doubt that the noise which frightened the team which struck
plaintiff was not unusual or unnecessary. Hence, since the in-
jury to plaintiff was due to one of the natural risks of his
employment, and not to negligence as averred, plaintiff cannot
recover damages.

Appeal from Buchanan Circuit Court.—*Hon. L. J.
Eastin*, Judge.

REVERSED.

*Culver, Phillip & Spencer* for appellant.

*J. N. Walker* and *W. H. Hayes* for respondent.

JOHNSON, J.—This is an action for personal injuries plaintiff alleges were caused by the negligence of defendant in the operation of one of its trains. The answer contains a general denial and a plea of assumed risk. The cause is here on the appeal of defendant from a judgment of eight hundred dollars recovered by plaintiff in the circuit court. The injury occurred October 24, 1907, on defendant's right of way, at a point about two miles west of Easton and eleven miles east of St. Joseph. Defendant was widening its railroad and plaintiff and his team, together with other men and teams, were working with scrapers enlarging the embankment. The railroad was being operated and many trains passed daily. For east-bound trains the track was on an up grade and reverse curves added to the work of locomotives pulling heavily loaded freight trains. A meat train of twenty-five or thirty cars came from the west at about two o'clock in the afternoon and when its locomotive was nearly opposite one of the scraper teams (not plaintiff's)—a team which happened to be facing west—took fright, wheeled around and ran away. Plaintiff, who was east of this team, driving his own team, which was headed east, was struck by the runaway team or scraper knocked down and injured.

The petition alleges "that the defendant's agents and servants managing its said railroad and in charge of locomotive engines and trains running thereon, on said 24th day of October, 1907, along and by the place where the plaintiff and others were at work as aforesaid did carelessly and negligently and unskillfully conduct themselves in managing a certain locomotive engine

155 App.—23

and train of freight cars then and there in charge of the agents and servants of the defendant's while passing the point where the plaintiff and other teamsters were engaged in dragging dirt upon defendant's roadbed as aforesaid, and failed to give any signs of the approach of same and did carelessly and negligently manage its locomotive engine by letting off and discharging steam from its locomotive engine and from the cylinders thereof in great volume, with much noise and hissing sound, and which made loud and unusual noise; by reason of which negligent and careless act of defendant's agents and servants in charge of its locomotive engine in blowing off and discharging steam as aforesaid, and making loud and unusual noise as aforesaid that several teams of horses, including plaintiff's team, then and there working upon defendant's railroad as heretofore stated took fright, became unmanageable and ran away, knocked the plaintiff down, ran over him, dragging the scrapers over the plaintiff, whereby he was greatly injured," etc.

It will be observed the gravamen of the cause stated is negligence in allowing the engine unnecessarily to emit steam in a volume to produce a loud, unusual noise. It is not charged that defendant negligently failed to avoid frightening the horses by discontinuing the noise after the engineer saw, or by the exercise of reasonable care should have discovered that the noise of the escaping steam was terrifying the horses and, if continued, would cause them to run away. In the instructions given at the request of plaintiff, the court enlarged the scope of the cause of action by including negligence of the character just described. This was error. No rule is better settled than that which holds a plaintiff to a recovery only on the cause of action averred. Where he specifies the negligent acts of which he complains he cannot recover on acts not included in his specification. [Orcutt v. Century Bldg. Co., 201 Mo. 424; Hamilton v. Railway, 114 Mo. App. 504.]

The principal constitutive elements of the cause pleaded are, first, that the noise produced by the escaping steam was the proximate cause of the runaway; second, that the emission of steam was unnecessary, and, third, that the noise was unusually loud and terrifying.

Plaintiff has adduced no evidence to establish the second and third of these elements, and we hold the learned trial judge erred in not sustaining the request of defendant for a peremptory instruction. The relation between defendant and plaintiff was that of master and servant; and the respective duties of the parties were analogous to those existing between defendant and its section men. Defendant had the right to run its trains past the place where the laborers were working and it was their duty to keep themselves and their teams out of the way of trains. The risks of injury from passing trains operated in the usual manner were natural and inherent risks of the employment and, as such, were assumed by the servants. Knowing that men and teams were at work on the embankment it was the duty of engineers of passing trains to maintain a reasonable lookout and not wantonly or even negligently to injure a laborer imperiled in a manner to disclose his peril; but, as we have said, no such breach of duty is alleged and, consequently, is not before us for consideration. The evidence shows beyond reasonable doubt that the noise which frightened the team was not unusual or unnecessary. The engine, in pulling a load up grade, was making steam and even if, as plaintiff contends, the steam which produced the noise came from the cylinder and not from the channel cocks, the inference that it was unnecessary is too weakly supported by proof to be entitled to serious consideration. Witness after witness introduced by plaintiff, as well as by defendant, say that the escape of steam in the present instance differed in no way from that of other trains going up grade and that the noise was the usual noise produced by such trains. To hold that plaintiff has a cause of action

would be to establish a rule that would seriously hamper railroad companies in the operation of trains. The chief function of such companies is the service of the public. Trains must be operated on schedule and to run on time engines must make steam when going up grade. The safety of the train requires that steam be discharged at various places and for different purposes. Certainly as to track laborers—as to whom trains have the complete right of way—the engineer should not be restricted in the performance of his duties to the train except in instances where he sees or should see that a laborer is in peril and has the means at hand of avoiding the injury.

The injury of plaintiff being due to one of the natural risks of his employment and not to negligence as averred, he cannot be allowed to recover. The judgment is reversed. All concur.